**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| JOE ZEITCHICK, | 3:06-CV-00138-ECR-VPC |
| | (Base Case) |
| Plaintiff, | 3:06-CV-00642-ECR-VPC |
| | (Member Case) |
| vs. | |
| | **ORDER** |
| CAROL LUCEY and HELAINE JESSE, | |
| | |
| Defendants. | |

On May 26, 2010, Defendants filed a motion in limine (#155) asking the Court to clarify the scope of the issues for trial. Pursuant to a subsequent Order (#168), the parties filed points and authorities (## 171 and 172) addressing the issue. The motion (#155) is granted, and we offer the following as clarification.

First, we note that the so-called "law of the case doctrine" informs our analysis of the issues Defendants seek to clarify. Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). A court may have discretion to depart from the law of the case and reexamine an issue where: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106

F.3d 874, 876 (9th Cir. 1997).  A district court abuses its discretion when it departs from the law of the case without the presence of one of these five requisite conditions.  Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993).

### A. Denial of a Benefit

In his previous papers, Plaintiff has explicitly characterized the law governing his claims as follows: "Plaintiffs' claim is analyzed under the public employee First Amendment retaliation test because the claim alleges a denial of a benefit from the government."  (P.'s Opp. at 25 (#86).)  We have analyzed the dispositive motions in this case under that standard[1].  Plaintiff now, on the eve of trial, has reversed his earlier position, contending that the law relating to public employee First Amendment retaliation test is inapplicable because Plaintiff is not a public employee.  (P.'s Points and Authorities at 5 (#171).)  Instead, Plaintiff contends he need only prove that he was subject to an adverse action or action that were likely to deter his speech.  (Id. at 6.)

Plaintiff is correct that he needs to show that Defendants' actions were reasonably likely to deter a person constitutionally protected speech.  Coszalter v. City of Salem, 320 F.3d 968, 976

---

[1] That standard also requires that the speech at issue to be protected.  Plaintiff does not appear to challenge the requirement that the speech at issue be protected.  Protected speech for the purposes of a First Amendment retaliation claim requires the speech to address an issue of public concern. At the summary judgment stage, Defendants argued that Plaintiff speech was not protected because it was false. We held that Plaintiff's speech was not false on its face, and thus Plaintiff's speech was protected for the purpose of surviving summary judgment.  (Transcript of Proceedings at 36 (#102).)  This Order does not address the protected status of Plaintiff's speech.

2

1  (9th Cir. 2003).  This does not, however, mean that our previous
2  decisions were "clearly erroneous."  <u>See</u> <u>Alexander</u>, 106 F.3d at 876.
3  Denial of a valuable government benefit is a species of actions that
4  deter or chill speech.  <u>See</u> <u>Coszalter</u>, 320 F.3d at 975; <u>Nunez v.</u>
5  <u>City of Los Angeles</u>, 147 F.3d 867, 875 (9th. Cir. 1998).  Although
6  most of the case law regarding denial of a benefit derives from
7  public employment cases, the general framework can be applied
8  outside that context.  <u>See</u> <u>Perry v. Sindermann</u>, 408 U.S. 593, 597
9  (1972)(noting that the general principle — that the government may
10 not deny a benefit to a person on a basis that infringes his
11 constitutionally protected interests — has been applied to areas
12 other than public employment).

13     Denial of a benefit jurisprudence thus was and can continue to
14 be appropriately applied to Plaintiff's First Amendment retaliation
15 claim.  Plaintiff has consistently framed the issues in his case as
16 involving the denial of a benefit and invoked the legal standards
17 applicable to this species of First Amendment law.  We will not now
18 deviate from this framework.

19     <u>B. The Benefit at Issue</u>

20     Plaintiff attempts to characterize the "valuable government
21 benefit" at issue as, inter alia, "contract discussions" and "making
22 a contribution to society."  (Joint Pretrial Order at 20 (#138).)
23 We reject Plaintiffs' attempts to so characterize the benefit at
24 issue.

25     On June 5, 2009, we issued an Order (#103) from the bench,
26 stating in relevant part: "It appears, however, to be overreaching
27 to say that merely ceasing negotiations with a private party is — or

28                                    3

make that, in rejecting a donation, is a denial of a valuable government benefit.  We find that prohibition on revoking or breaching contracts is, however, violative of clearly established law, and is not barred by a qualified immunity defense.  Whether the government may be liable for ceasing to negotiate likely is subject to qualified immunity[2], however . . . the Plaintiffs must show that the college deprived them of an actual valuable government benefit such as a contractual right."  (Transcript of Proceedings at 27 (#102).)

     Plaintiff contends that by using the term "such as," we implied that the benefit at issue was not limited to a "contractual right." (P.'s Points and Authorities at 14 (#171).)  Plaintiff is correct that we did not explicitly rule out the possibility that Plaintiff's lawsuit could be based on retaliatory denial of a government benefit other than a contractual right.  Nevertheless, Defendants, in their motion, sought summary judgment on all of the claims then-remaining in Plaintiff's lawsuit.  In holding that only the prohibition on revoking of violating a contract was clearly established, we rejected the viability of alternative characterizations of the "benefit" at issue.  Any additional alternative characterizations of the benefit at issue not then raised were waived by Plaintiff. Plaintiff will thus have to prove at trial that Defendants breached or revoked a contract with him in retaliation for his exercise of free speech.

---

[2] The law is unclear as to whether negotiations constitute a valuable government benefit.  For that reason, we granted Defendants qualified immunity to the extent Plaintiff's claim was based on the government's refusal to negotiate with Plaintiff.

1  C. Conspiracy and Coercion

2  In the "Facts" section of Plaintiff's original complaint, he
3  alleges that Defendants conspired "to punish" Plaintiff and to
4  "conceal their violation."  (Compl. ¶ 11 (#3).)  He also alleged
5  that former defendant Rollings "coerced" him into making favorable
6  comments about the college.  (Id. ¶ 10.)  Nevertheless, Plaintiff
7  did not frame his complaint such that coercion and conspiracy were
8  independent causes of action.  Defendants' motion (#39) to dismiss
9  and motion (#79) for summary judgment addressed all of Plaintiff's
10 claims.  Defendants apparently assumed that coercion and conspiracy
11 were not independent claims for relief.  Plaintiff did not attempt,
12 in opposing these motions, to disabuse Defendants of this notion.
13 Plaintiff now argues that because Defendants left the Plaintiff's
14 allegations of coercion and conspiracy "uncontested," they are still
15 "triable," presumably as independent causes of actions.  (See P.'s
16 Points and Authority at 16 (#171).)  It is inappropriate to frame
17 factual allegation as an independent causes of action in order to
18 manufacture new claims for relief on the eve of trial.  We reject
19 Plaintiff's attempt to do so.  The only claim for relief in this
20 case is a claim for First Amendment Retaliation.

21  D. Damages

22  Any damages for this case must flow from the constitutional
23 violation itself.  See Carey v. Piphus, 435 U.S. 247, 254 (1978)(A
24 fundamental aim of section 1983 is "to compensate persons for
25 injuries caused by the deprivation of constitutional rights.").
26 Plaintiff admits that "the diminished property value of the subject
27 property caused by the chiller had taken place before he purchased

28

5

the property." (P.'s Points and Authority at 19 (#171).) Therefore, diminution in value is not an appropriate damage in this case.

E. Whether the Chiller Noise Impacted Plaintiff's Quiet Enjoyment

Defendants seek clarification as to whether the impact of the chiller noise on Plaintiff's "quiet enjoyment" is an appropriate issue in this case. The term "quiet enjoyment" is a legal term of art: "The purpose of the covenant of quiet enjoyment is to secure tenants against the acts or hindrances of landlords. Therefore, to prove a sufficient issue for breach of the covenant of quiet enjoyment, the tenant need only provide evidence demonstrating constructive eviction; actual eviction is not required." Winchell v. Schiff, 193 P.3d 946 (Nev. 2008). This case does not involve a dispute between a landlord and a tenant. Moreover, as stated above, the only remaining claim left in this case is for First Amendment retaliation. A claim for "quiet enjoyment" therefore cannot be appropriately asserted in this case.

**IT IS, THEREFORE, HEREBY ORDERED** Defendants' motion in limine seeking clarification (#155) is **GRANTED**. We provide the following by way of clarification: There is one claim remaining in this case – First Amendment Retaliation. Pursuant to our Order (#102), to succeed on this claim, Plaintiff must prove that Defendants revoked or breached a contract in retaliation for Plaintiff exercising his First Amendment rights. Any damages must flow from the

6

constitutional violation itself.  Diminution in value of the subject property is not an appropriate damage in this case.

DATED: June 10, 2010.

                                             _____
                                             UNITED STATES DISTRICT JUDGE