```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                            RENO, NEVADA
```

| | | |
|---|---|---|
| JOE ZEITCHICK, | ) | 3:06-CV-0138-ECR-VPC (Base File) |
| | ) | 3:06-CV-0642-ECR-VPC (Member File) |
| Plaintiffs, | ) | |
| | ) | MINUTES OF THE COURT |
| vs. | ) | |
| | ) | DATE: June 10, 2010 |
| CAROL LUCEY and HELAINE JESSE | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   EDWARD C. REED, JR.                          U. S. DISTRICT JUDGE

Deputy Clerk:  COLLEEN LARSEN      Reporter:    NONE APPEARING

Counsel for Plaintiff(s)               NONE APPEARING

Counsel for Defendant(s)               NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

    On May 26, 2010, Defendants filed a motion in limine, seeking to exclude the expert testimony and report of Edward J. Lynn, M.D. on the basis that, inter alia, the expert report failed to meet the requirements of Fed. R. Civ. P. 16(a)(2)(B). Specifically, Defendants contend that Plaintiff failed to disclose "the data or other information considered by the witness in forming [the opinions]." Fed. R. Civ. P. 16(a)(2)(B)(ii). They also contend they never received "a statement of the compensation to be paid for the study and testimony in the case." <u>Id.</u> at 16(a)(2)(B)(vi).

    Plaintiff does not deny that the expert report does not comply with Rule 26, but he contends that Dr. Linn is a treating physician, and is thus exempt from Rule 26's stringent requirements. Plaintiff provides no evidence in support of this contention. Moreover, Plaintiff's contention is undermined by the expert report itself, which indicates that Dr. Linn was retained by Plaintiff's former counsel to "perform a psychiatric evaluation." (Expert Report, Ex. A (#158).) The report contains no reference to treatment nor any suggesting that the relationship between Dr. Linn and Plaintiff was for therapeutic purposes.

    Fed. R. Civ. P. 37(c)(1) provides as follows: "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." There is no evidence in the record regarding Plaintiff's justification. There is some indication, however, that Defendants were harmed. As explained in a letter from

Western Nevada College's counsel to Plaintiff's former counsel, without Dr. Lynn's data, Defendants were unable to assess the need for an expert witness.  (Letter to Jeff Dickerson, Ex. B (#158).)  Therefore, the expert testimony and report must be excluded.

We also again remind the parties that there is only one claim left in this case – First Amendment retaliation.  Any damages must flow from the alleged constitutional violation itself.  The relevance of the general impact of the chiller noise on Plaintiff's mental and emotional state is not apparent.  Nevertheless, this Order does not preclude the admission of any evidence regarding Plaintiff's psychological or emotional harm.  That harm, however, must flow from the constitutional tort itself.  The chiller was in place before the alleged constitutional tort took place.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion in limine (#158) is **GRANTED**.

LANCE S. WILSON, CLERK

By ____/s/_____
        Deputy Clerk