UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| JOE ZEITCHICK, | ) | 3:06-CV-0138-ECR-VPC (Base File) |
| | ) | 3:06-CV-0642-ECR-VPC (Member File) |
| Plaintiffs, | ) | |
| | ) | MINUTES OF THE COURT |
| vs. | ) | |
| | ) | DATE: June 11, 2010 |
| CAROL LUCEY and HELAINE JESSE | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT: _____ EDWARD C. REED, JR. _____ U. S. DISTRICT JUDGE

Deputy Clerk: __COLLEEN LARSEN_____ Reporter: _____NONE APPEARING_____

Counsel for Plaintiff(s) _____NONE APPEARING_____

Counsel for Defendant(s) _____NONE APPEARING_____

MINUTE ORDER IN CHAMBERS

Defendants seek an order excluding any reference to David Rollings' 34-year old criminal conviction, the details of the conviction, imprisonment, rehabilitation and/or military discharge or to the pages of his deposition where testimony concerning these matters was elicited. Plaintiff agrees that Mr. Rollings' conviction is not admissible under Fed. R. Evid. 609(b), but seeks to introduce it under 608(b), which provides in relevant part as follows:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

FED. R. EVID. 608(b).

After conducting an analysis under Fed. R. Evid. 403, we conclude that the Plaintiff may, on cross-examination, inquire as to whether Mr. Rollings omitted important information when applying for employment. Nevertheless, Plaintiff may not refer to or inquire about the subject of the omission. Plaintiff also may not refer to the pages of Mr. Rollings' deposition where testimony concerning that matter was elicited.

· **IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion in limine to exclude any reference to David Rollings' 34-year old criminal conviction (#157) is **GRANTED** on the following basis.  Plaintiff may, on cross-examination, inquire as to whether Mr. Rollings omitted important information when applying for employment.  Nevertheless, Plaintiff may not refer to or inquire about the subject of the omission. Plaintiff also may not refer to the pages of Mr. Rollings' deposition where testimony concerning that matter was elicited.

LANCE S. WILSON, CLERK

By _____/s/_____
        Deputy Clerk