FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL - 7 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY

1

2

3

4       **UNITED STATES DISTRICT COURT**
                **DISTRICT OF NEVADA**
5                   **RENO, NEVADA**

6

7  JOE ZEITCHICK,                    )    3:06-CV-00138-ECR-VPC
                                     )    (Base Case)
8       Plaintiff,                   )    3:06-CV-00642-ECR-VPC
                                     )    (Member Case)
9  vs.                               )
                                     )    **ORDER ON JURY INSTRUCTIONS**
10 CAROL LUCEY and HELAINE JESSE,    )
                                     )
11      Defendants.                  )
                                     )
12

13     A copy of the packet of jury instructions given to the jury is

14 attached to this Order as Exhibit A.  The instructions in Exhibit A

15 are in the same sequence as the sequence in which the instructions

16 were presented to the jury.  Each juror received his or her own copy

17 of the instructions in Exhibit A.  The form of instructions received

18 by the jury did not contain any citations or other source

19 references.

20     A copy of the verdict form is attached to this order as Exhibit

21 B.  The verdict form was given by stipulation of both parties.  The

22 jury received one copy of the verdict form, and it was signed,

23 dated, and submitted to the Court.

24     A copy of the proposed packet of jury instructions is attached

25 to this order as Exhibit C.  This proposed packet contains all of

26 the instructions that had been proposed by the Court, and those

27 proposed by the parties during the course of the trial.  This packet

28 was never presented to the jury.  Instead, the Court analyzed the

1  proposed instructions and, after hearing argument from counsel, made
2  rulings regarding the final form of instructions that were to be
3  given to the jury.  In addition, the parties' and the Court's
4  proposed verdict forms are included.

5      The Court will now summarize its rulings with respect to the
6  jury instructions.

7      The following-numbered instructions in Exhibit A were given
8  without modification by stipulation: 2, 2C, 2F, 2G, 6, 7, 8, 10, 15,
9  17, 34, 46, 54, 59, 60.

10     The following-numbered instructions in Exhibit A were given as
11 modified by stipulation: 3, 45A, 55, 57A.

12     The following-numbered instruction in Exhibit A were given as
13 modified over Plaintiff's objection: 32, 33, 48A, 62.

14     The following-numbered instructions in Exhibit C were given as
15 modified over Plaintiff's and Defendants' objections: 41, 47.

16     The following-numbered instructions in Exhibit C were withdrawn
17 by stipulation: 1, 2A, 2B, 2D, 2E, 2H, 2I, 3A, 3B, 4, 5, 9, 11, 12,
18 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31,
19 35, 36, 37, 38, 39, 40, 43, 44, 45, 48, 49, 50, 53, 57, 61.

20     The following-numbered instruction in Exhibit C were rejected
21 over Plaintiff's objection: 42, 51, 52, 56, 58.

22     In response to Question 1 in Exhibit B, the jury answered "No."
23 As appropriate in light of the jury's answer to Question 1, the
24 remaining questions in Exhibit B were left blank.

25

26     **IT IS, THEREFORE, HEREBY ORDERED** that the Clerk of the Court
27 shall provide a copy of this Order to counsel for Plaintiff and
28 Defendant.  The Clerk need not provide them with copies of the

2

1  attached exhibits, however, as the parties were given these exhibits
2  at the time jury instructions were argued and settled.
3
4  DATED: July 6, 2010.
5
6                                      UNITED STATES DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DUTY OF JURY

Members of the Jury: A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. _2_

TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

      You should decide the case as to each party, Plaintiff and each Defendant, separately. Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. __3__

1  WHAT IS EVIDENCE

2          The evidence you are to consider in deciding what the

3  facts are consists of:

4          1. the sworn testimony of any witness;

5          2. the exhibits which are received into evidence; and

6          3. any facts to which the lawyers have agreed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                      INSTRUCTION NO. __6__

1  WHAT IS NOT EVIDENCE

2          In reaching your verdict, you may consider only the
3  testimony and exhibits received into evidence. Certain things are
4  not evidence, and you may not consider them in deciding what the
5  facts are. I will list them for you:

6          (1) Arguments and statements by lawyers are not evidence.
7  The lawyers are not witnesses. What they have said in their
8  opening statements, [will say in their] closing arguments, and at
9  other times is intended to help you interpret the evidence, but it
10  is not evidence. If the facts as you remember them differ from the
11  way the lawyers have stated them, your memory of them controls.
12  (2) Questions and objections by lawyers are not evidence.
13  Attorneys have a duty to their clients to object when they believe
14  a question is improper under the rules of evidence. You should not
15  be influenced by the objection or by the court's ruling on it.
16  (3) Testimony that has been excluded or stricken, or that you have
17  been instructed to disregard, is not evidence and must not be
18  considered.  In addition sometimes testimony and exhibits are
19  received only for a limited purpose; when I [give] [have given] a
20  limiting instruction, you must follow it.
21  (4) Anything you may have seen or heard when the court was not in
22  session is not evidence. You are to decide the case solely on the
23  evidence received at the trial.

24

25

26

27

28                          INSTRUCTION NO. __7__

1 | RULING ON OBJECTIONS

2 |        There are rules of evidence that control what can be
3 | received into evidence.  When a lawyer asks a question or offers
4 | an exhibit into evidence and a lawyer on the other side thinks
5 | that it is not permitted by the rules of evidence, that lawyer may
6 | object.  If I overrule the objection, the question may be answered
7 | or the exhibit received.  If I sustain the objection, the question
8 | cannot be answered, and the exhibit cannot be received.  Whenever
9 | I sustain an objection to a question, you must ignore the question
10 | and must not guess what the answer might have been.

11 |        Sometimes I may order that evidence be stricken from the
12 | record and that you disregard or ignore the evidence.  That means
13 | that when you are deciding the case, you must not consider the
14 | evidence that I told you to disregard.

15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |                    INSTRUCTION NO.  8

1  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

2          When a party has the burden of proof on any claim or

3  affirmative defense by a preponderance of the evidence, it means

4  you must be persuaded by the evidence that the claim or

5  affirmative defense is more probably true than not true.

6          You should base your decision on all of the evidence,

7  regardless of which party presented it.

28                      INSTRUCTION NO.  10

1  DIRECT AND CIRCUMSTANTIAL EVIDENCE

2          Evidence may be direct or circumstantial.  Direct evidence
3  is direct proof of a fact, such as testimony by a witness about
4  what that witness personally saw or heard or did.  Circumstantial
5  evidence is proof of one or more facts from which you could find
6  another fact.  You should consider both kinds of evidence.  The
7  law makes no distinction between the weight to be given to either
8  direct or circumstantial evidence.  It is for you to decide how
9  much weight to give to any evidence.

10         By way of example, if you wake up in the morning and see
11  that the sidewalk is wet, you may find from that fact that it
12  rained during the night. However, other evidence, such as a turned
13  on garden hose, may provide a different explanation for the
14  presence of water on the sidewalk. Therefore, before you decide
15  that a fact has been proved by circumstantial evidence, you must
16  consider all the evidence in the light of reason, experience, and
17  common sense.

18

19

20

21

22

23

24

25

26

27

28                        INSTRUCTION NO.  15

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 17

1  FIRST AMENDMENT RETALIATION CLAIM

2        The plaintiff brings this lawsuit pursuant to 42 U.S.C. §

3  1983, and alleges that Carol Lucey deprived him of his rights

4  under the First Amendment to the Constitution when Carol Lucey

5  breached a contract with Plaintiff in retaliation for Plaintiff

6  engaging in speech on a matter of public concern.

7  In order to prove that Carol Lucey deprived the plaintiff of this

8  First Amendment right, the plaintiff must prove the following

9  elements by a preponderance of the evidence:

10           1. That Plaintiff Joe Zeitchick and Western Nevada

11              College, formerly known as Western Nevada Community

12              College entered into a contract for the construction of

13              a sound wall;

14           2. That Plaintiff Joe Zeitchick, on August 9, 2005, at a

15              Northwest Property Owners' Association meeting, engaged

16              in speech on a matter of public concern;

17           3. That Defendant Carol Lucey breached the contract;

18           4.  That Plaintiff's speech was a substantial and

19              motivating factor for the breach.

20           5.  That Defendant Carol Lucey acted under color of law.

21        I instruct you that the plaintiff's speech was on a matter

22  of public concern, and, therefore, the second element requires no

23  proof.  This instruction is not intended as a comment on the truth

24  or falsity of any statements by Mr. Zeitchick on August 9, 2005.

25        A person acts "under color of law" when the person acts or

26  purports to act in the performance of official duties under any

27  state, county, or municipal law, ordinance, or regulation.

28

1          A substantial or motivating factor is a significant
2    factor.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                    INSTRUCTION No. __32__
28

1  FIRST AMENDMENT RETALIATION CLAIM

2          The plaintiff brings this lawsuit pursuant to 42 U.S.C. §
3  1983, and alleges that Helaine Jesse deprived him of his rights
4  under the First Amendment to the Constitution when Helaine Jesse
5  breached a contract with Plaintiff in retaliation for Plaintiff
6  engaging in speech on a matter of public concern.
7  In order to prove that Helaine Jesse deprived the plaintiff of
8  this First Amendment right, the plaintiff must prove the following
9  elements by a preponderance of the evidence:

10         1.   That Plaintiff Joe Zeitchick and Western Nevada
11              College, formerly known as Western Nevada Community
12              College, entered into a contract for the construction
13              of a sound wall;
14         2.   That Plaintiff Joe Zeitchick, on August 9, 2005, at a
15              Northwest Property Owners' Association meeting, engaged
16              in speech on a matter of public concern;
17         3.   That Defendant Helaine Jesse breached the contract;
18         4.   That Plaintiff's speech was a substantial and
19              motivating factor for the breach.
20         5.   That Defendant Helaine Jesse acted under color of law.

21         I instruct you that the plaintiff's speech was on a matter
22  of public concern, and, therefore, the second element requires no
23  proof.  This instruction is not intended as a comment on the truth
24  or falsity of any statements by Mr. Zeitchick on August 9, 2005.

25         A person acts "under color of law" when the person acts or
26  purports to act in the performance of official duties under any
27  state, county, or municipal law, ordinance, or regulation.

28

1          A substantial or motivating factor is a significant factor.

27                         INSTRUCTION No.  33

1    The plaintiff has brought his claim under the federal
2  statute, 42 U.S.C. § 1983, which provides that any person or
3  persons who, under color of law, deprives another of any rights,
4  privileges, or immunities secured by the Constitution or laws of
5  the United States shall be liable to the injured party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                      INSTRUCTION NO. __34__

1  EXISTENCE OF A CONTRACT

2        Plaintiff has the burden to prove the existence of a
3  contract by a preponderance of the evidence.   To form an
4  enforceable contract under Nevada law, there must be:

5        1.    An offer;

6        2.    Acceptance of that offer;

7        3.    A meeting of the minds; and

8        4.    Consideration.

9        In order for there to be a "meeting of the minds," the
10 parties must have agreed to all material terms of a contract.   In
11 determining whether a contract, or its terms are definite, an
12 important consideration is whether the jury can determine the
13 alleged contract's exact meaning, and fix the legal obligations of
14 the parties.   A "meeting of the minds" cannot be established by an
15 ambiguous course of dealing between the two parties.

16       "Consideration" is defined as something of value (such as an
17 act, a forbearance, or a return promise) received by a promisor
18 from a promise.   To constitute consideration, there must be a
19 benefit accruing to the promisor or a detriment to the promisee.
20 Actual value in money terms is not important.

21       Partial performance of an agreement may demonstrate that a
22 contract has been formed.   Mere negotiations or discussions with
23 government officials are not sufficient to create a contract.

24       Contracts may be written or oral.   Oral contracts are just
25 as valid as written contracts.

26       An agreement is a manifestation of mutual assent by two or
27 more persons.   The term 'agreement,' although frequently used as
28 synonymous with the word 'contract,' is really an expression of

1  greater breadth of meaning. Every contract is an agreement; but
2  not every agreement is a contract.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                    INSTRUCTION NO.   41
28

1  A breach of contract is a material failure of performance of a

2  duty arising under or imposed by the contract.

INSTRUCTION NO. __45A__

1        A party claiming apparent authority of an agent as a basis

2   for contract formation must prove:

3        1.   that he subjectively believed that the agent had

4             authority to act for the principal and

5        2.   that his subjective belief in the agent's

6             authority was objectively reasonable.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        INSTRUCTION NO.  46

1    To prove that the parties entered into a valid contract, the
2  plaintiff must prove that the terms of the contract were
3  reasonably certain.

4    To be certain, the terms of the contract must enable the
5  parties to identify what the contract requires them to do and, in
6  like fashion, it must enable them to determine later whether or
7  not the contract has been performed.

8    Not all the terms of a contract need be absolutely decided,
9  so long as the parties agree upon the essential elements of the
10  agreement.

11    The law does not say what degree of certainty would be
12  reasonable in this situation.  That is for you to decide.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          INSTRUCTION NO. _47_

1                                DEFINITIONS

2

3    Pledge: A pledge is a formal promise or undertaking.

4

5    Donation:    A donation is a gift, especially to a charity.

6

7    Gift: A gift is a voluntary transfer of property to another

8    without compensation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        INSTRUCTION NO.  48A

1      The Jury may consider the close proximity of time from when
2  plaintiff made his August 9, 2005 statement and defendants
3  termination of the sound wall project on August 11, 2005, in
4  determining if his statements were a substantial or motivating
5  factor in defendants' decision to terminate the sound wall
6  project.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                      INSTRUCTION NO.  54

1 DEFENSE TO FIRST AMENDMENT RETALIATION

2        If the jury finds in favor of Plaintiff on his claim of
3 First Amendment retaliation, then the jury must consider whether
4 the Defendants would have decided not to go forward with building
5 a sound wall for reasons unrelated to Plaintiff's comments about
6 the College.  To be entitled to this defense, the Defendants have
7 the burden to prove by a preponderance of the evidence that they
8 would have made this decision even in the absence of Plaintiff
9 Zeitchick's comments about the College.  If the jury finds that
10 the Defendants, in light of their knowledge, perceptions and
11 policies at the time of the alleged breach, would have decided
12 against building the sound wall for valid administrative reasons
13 in any event, then the jury must find in favor of the Defendants.

28                    INSTRUCTION NO.  55

1 | DAMAGES – PROOF

2 |     It is the duty of the Court to instruct you about the
3 | measure of damages.  By instructing you on damages, the Court does
4 | not mean to suggest for which party your verdict should be
5 | rendered or that damages should be awarded.

6 |     If you find for the Plaintiff on the Plaintiff's First
7 | Amendment retaliation claim, you must determine the Plaintiff's
8 | damages.  The Plaintiff has the burden of proving his damages by a
9 | preponderance of the evidence.  Damages means the amount of money
10 | that will reasonably and fairly compensate the Plaintiff for any
11 | injury you find was caused by the violation of Plaintiff's First
12 | Amendment rights.

13 |     You may only consider injuries, if any, which are the
14 | result of a violation of Plaintiff's First Amendment rights.  Such
15 | damages may not include compensation for injuries which do not
16 | flow from the violation of Plaintiff's constitutional rights.  You
17 | may, however, consider any psychological, emotional or other harm
18 | caused by the violation of the constitutional right itself.

19 |     It is for you to determine what damages, if any, have been
20 | proved.  Your award must be based upon evidence and not upon
21 | speculation, guesswork or conjecture.

28 | INSTRUCTION NO. __57A__

NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

INSTRUCTION NO.  59

1    The plaintiff has a duty to use reasonable efforts to
2  mitigate damages.  To mitigate means to avoid or reduce damages.
3    The defendant has the burden of proving by a preponderance
4  of the evidence:
5    1.  that the plaintiff failed to use reasonable efforts to
6  mitigate damages; and
7    2.  the amount by which damages would have been mitigated.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                     INSTRUCTION NO.  _60_

1   If you find for the plaintiff, you may, but are not required to,
2   award punitive damages. The purposes of punitive damages are to
3   punish a defendant and to deter similar acts in the future.
4   Punitive damages may not be awarded to compensate a plaintiff.
5
6   The plaintiff has the burden of proving by a preponderance of the
7   evidence that punitive damages should be awarded, and, if so, the
8   amount of any such damages.
9
10  You may award punitive damages only if you find that the
11  defendant's conduct that harmed the plaintiff was driven by evil
12  motive or intent, or involved a reckless or callous indifference
13  to the constitutional rights of Plaintiff.  You may also award
14  punitive damages if you find the defendant's conduct was
15  malicious.
16
17  An evil motive is a state of mind which stimulates a person to act
18  with intent to injure another.  An evil intent is a purpose to use
19  injurious means to effect a particular result.  Conduct is in
20  reckless disregard of the plaintiff's rights if, under the
21  circumstances, it reflects complete indifference to the
22  plaintiff's safety or rights, or if the defendant acts in the face
23  of a perceived risk that its actions will violate the plaintiff's
24  rights under federal law.
25
26  Conduct is malicious if it is accompanied by ill will, or spite,
27  or if it is for the purpose of injuring the plaintiff.
28

1  If you find that punitive damages are appropriate, you must use
2  reason in setting the amount. Punitive damages, if any, should be
3  in an amount sufficient to fulfill their purposes but should not
4  reflect bias, prejudice or sympathy toward any party. In
5  considering the amount of any punitive damages, consider the
6  degree of reprehensibility of the defendant's conduct, including
7  whether the conduct that harmed the plaintiff was particularly
8  reprehensible because it also caused actual harm or posed a
9  substantial risk of harm to people who are not parties to this
10  case. You may not, however, set the amount of any punitive damages
11  in order to punish the defendant for harm to anyone other than the
12  plaintiff in this case.

14  In addition, you may consider the relationship of any award of
15  punitive damages to any actual harm inflicted on the plaintiff.

17  You may impose punitive damages against one or more of the
18  defendants and not others, and may award different amounts against
19  different defendants.  Punitive damages may be awarded even if you
20  award plaintiff only nominal, and not compensatory, damages.

28                     Instruction No.  62

1        When you begin your deliberations, you should elect one
2   member of the jury as your presiding juror.  That person will
3   preside over the deliberations and speak for you here in court.

4        You will then discuss the case with your fellow jurors to
5   reach agreement if you can do so.  Your verdict must be unanimous.

6        Each of you must decide the case for yourself, but you
7   should do so only after you have considered all of the evidence,
8   discussed it fully with the other jurors, and listened to the
9   views of your fellow jurors.

10       Do not hesitate to change your opinion if the discussion
11  persuades you that you should. Do not come to a decision simply
12  because other jurors think it is right.

13       It is important that you attempt to reach a unanimous
14  verdict but, of course, only if each of you can do so after having
15  made your own conscientious decision.  Do not change an honest
16  belief about the weight and effect of the evidence simply to reach
17  a verdict.

18

19

20

21

22

23

24

25

26

27

28                    INSTRUCTION NO.   2C

1  COMMUNICATION WITH COURT

2          If it becomes necessary during your deliberations to
3  communicate with me, you may send a note through the marshal,
4  signed by your presiding juror or by one or more members of the
5  jury.  No member of the jury should ever attempt to communicate
6  with me except by a signed writing; I will communicate with any
7  member of the jury on anything concerning the case only in
8  writing, or here in open court.  If you send out a question, I
9  will consult with the parties before answering it, which may take
10 some time.  You may continue your deliberations while waiting for
11 the answer to any question.  Remember that you are not to tell
12 anyone — including me — how the jury stands, numerically or
13 otherwise, until after you have reached a unanimous verdict or
14 have been discharged.  Do not disclose any vote count in any note
15 to the court.

16

17

18

19

20

21

22

23

24

25

26

27

28                        INSTRUCTION NO.  2F

1          A verdict form has been prepared for you. After you have
2    reached unanimous agreement on a verdict, your presiding juror
3    will fill in the form that has been given to you, sign and date
4    it, and advise the court that you are ready to return to the
5    courtroom.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                    INSTRUCTION NO. _2G_
28

1

2

3

4        **UNITED STATES DISTRICT COURT**
         **DISTRICT OF NEVADA**
5              **RENO, NEVADA**

6

7   JOE ZEITCHICK,                          )    3:06-CV-00138-ECR-VPC
                                            )    (Base Case)
8        Plaintiff,                         )    3:06-CV-00642-ECR-VPC
                                            )    (Member Case)
9   vs.                                     )
                                            )    **Verdict Form**
10  CAROL LUCEY and HELAINE JESSE,          )
                                            )
11       Defendants.                        )
    _____)

12

13  **QUESTION 1.**   Was there a contract to construct a sound wall between

14  Plaintiff Joe Zeitchick and Western Nevada College?

15       Yes _____

16       No  _____

17       If your answer to Question 1 was yes, answer Question 2.   If

18  your answer to Question 1 was no, do not answer any further

19  questions, and have the presiding juror sign and date the form at

20  the end.

21

22  **QUESTION 2.**    Did Defendant Carol Lucey, acting under color of law,

23  breach that contract?

24       Yes _____

25       No  _____

26       If your answer to Question 2 was yes, answer Question 3. If our

27  answer to Question 2 was no, do not answer Questions 3 through 7,

28  and answer Question 8.

1 **QUESTION 3.** Was Plaintiff Joe Zeitchick's speech on a matter of
2 public concern a substantial and motivating factor for Defendant
3 Carol Lucey's breach?

4      Yes _____

5      No _____

6    If your answer to Question 3 was yes, answer Question 4.  If
7 your answer to Question 3 was no, do not answer Questions 4 through
8 7, and answer Question 8.

9

10 **QUESTION 4.** Would Defendant Carol Lucey have breached the contract
11 even in the absence of Plaintiff Joe Zeitchick's protected speech?

12      Yes _____

13      No _____

14    If your answer to Question 4 was yes, do not answer Questions 5
15 through 7, and answer Question 8.  If your answer to Question 4 was
16 no, answer Question 5.

17

18 **QUESTION 5.** If you answered yes to Questions 1 through 3, and no to
19 Question 4, you have found that Defendant Carol Lucey violated
20 Plaintiff Joe Zeitchick's constitutional rights.  What amount of
21 damages, if any, do you find appropriate to award to Plaintiff?

22

23     $_____

24

25 //

26 //

27 //

28

1  **QUESTION 6.**   Should punitive damages be awarded against Defendant
2  Carol Lucey for violating Plaintiff Joe Zeitchick's constitutional
3  rights?
4       Yes  _____
5       No   _____
6       If your answer to Question 6 was no, do not answer Question 7,
7  and answer Question 8.  If your answer to Question 6 was yes, answer
8  Question 7.
9
10 **QUESTION 7.**   What amount of punitive damages should be entered
11 against Defendant Carol Lucey and awarded to Plaintiff Joe
12 Zeitchick?
13
14       $_____
15
16 **QUESTION 8.**   Did Defendant Helaine Jesse, acting under color of
17 law, breach the aforementioned contract to construct a sound wall?
18       Yes _____
19       No  _____
20       If your answer to Question 8 was yes, answer Question 9.  If
21 your answer to Question 8 was no, do not answer any further
22 questions, and have the presiding juror sign and date the form at
23 the end.
24 //
25 //
26 //
27 //
28

3

1 **QUESTION 9.**  Was Plaintiff Joe Zeitchick's speech on a matter of
2 public concern a substantial and motivating factor for Defendant
3 Helaine Jesse's breach?

4     Yes _____

5     No  _____

6     If your answer to Question 9 was yes, answer Question 10.  If
7 your answer to Question 9 was no, do not answer any further
8 questions, and have the presiding juror sign and date the form at
9 the end.

10

11 **QUESTION 10.**  Would Defendant Helaine Jesse have breached the
12 contract even in the absence of Plaintiff Joe Zeitchick's protected
13 speech?

14     Yes  _____

15     No  _____

16     If your answer to Question 10 was yes, do not answer any
17 further questions, and have the presiding juror sign and date the
18 form at the end.  If your answer to Question 10 was no, answer
19 Question 11.

20

21 **QUESTION 11.**  If you answered yes to Questions 8 and 9, and no to
22 Question 10, you have found that Defendant Helaine Jesse violated
23 Plaintiff Joe Zeitchick's constitutional rights.  What amount of
24 damages, if any, do you find appropriate to award to Plaintiff?

25

26     $_____

27

28

4

1  **QUESTION 12.**   Should punitive damages be awarded against Defendant
2  Helaine Jesse for violating Plaintiff Joe Zeitchick's constitutional
3  rights?
4        Yes   _____
5        No    _____
6        If your answer to Question 12 was no, do not answer Question
7  13, and have the presiding juror sign and date the form at the end.
8  If your answer to Question 12 was yes, answer Question 13.
9
10 **QUESTION 13.**   What amount of punitive damages should be entered
11 against Defendant Helaine Jesse and awarded to Plaintiff Joe
12 Zeitchick?
13
14        $_____
15
16
17                                   Presiding Juror
18 Dated: July _____, 2010.
19
20
21
22
23
24
25
26
27
28

1        Members of the Jury: Now that you have heard all of the
2   evidence, it is my duty to instruct you as to the law of the case.
3        A copy of these instructions will be sent with you to the
4   jury room when you deliberate.
5         You must not infer from these instructions or from
6   anything I may say or do as indicating that I have an opinion
7   regarding the evidence or what your verdict should be.
8        It is your duty to find the facts from all the evidence in
9   the case.  To those facts you will apply the law as I give it to
10  you.  You must follow the law as I give it to you whether you
11  agree with it or not.  And you must not be influenced by any
12  personal likes or dislikes, opinions, prejudices, or sympathy.
13  That means that you must decide the case solely on the evidence
14  before you.  You will recall that you took an oath to do so.
15        In following my instructions, you must follow all of them
16  and not single out some and ignore others; they are all important.
17
18
19
20
21  *Ninth Circuit Manual of Model Jury Instructions Civil*
22  (hereinafter, "9th Cir. JI Civil ") 1.1C (2007)
23
24  Plaintiff's Proposed Instruction No. _1_
25
26
27
28                      INSTRUCTION NO. _1_

1          DUTY OF JURY

2          Members of the Jury: A copy of these instructions will be
3   sent with you to the jury room when you deliberate.

4          You must not infer from these instructions or from
5   anything I may say or do as indicating that I have an opinion
6   regarding the evidence or what your verdict should be.

7          It is your duty to find the facts from all the evidence in
8   the case.  To those facts you will apply the law as I give it to
9   you.  You must follow the law as I give it to you whether you
10  agree with it or not.  And you must not be influenced by any
11  personal likes or dislikes, opinions, prejudices, or sympathy.
12  That means that you must decide the case solely on the evidence
13  before you.  You will recall that you took an oath to do so.

14         In following my instructions, you must follow all of them
15  and not single out some and ignore others; they are all important.

16
17
18
19
20
21  Ninth Circuit Manual of Model Jury Instructions, Civil, 1.1C
    (2007) (hereinafter "9th Cir., ___ (2007)").
22
    Defendants' Proposed Instruction No. _1_
23
24
25
26
27
28                        INSTRUCTION NO. _2_

1           I will now say a few words about your conduct as jurors.

2           First, keep an open mind throughout the trial, and do not
3  decide what the verdict should be until you and your fellow jurors
4  have completed your deliberations at the end of the case.

5           Second, because you must decide this case based only on
6  the evidence received in the case and on my instructions as to the
7  law that applies, you must not be exposed to any other information
8  about the case or to the issues it involves during the course of
9  your jury duty.  Thus, until the end of the case or unless I tell
10 you otherwise:

11          Do not communicate with anyone in any way and do not
12 let anyone else communicate with you in any way about the merits
13 of the case or anything to do with it.  This includes discussing
14 the case in person, in writing, by phone or electronic means, via
15 e-mail, text messaging, or any Internet chat room, blog, Web site
16 or other feature.  This applies to communicating with your fellow
17 jurors until I give you the case for deliberation, and it applies
18 to communicating with everyone else including your family members,
19 your employer, and the people involved in the trial, although you
20 may notify your family and your employer that you have been seated
21 as a juror in the case.  But, if you are asked or approached in
22 any way about your jury service or anything about this case, you
23 must respond that you have been ordered not to discuss the matter
24 and to report the contact to the court.

25          Because you will receive all the evidence and legal
26 instruction you properly may consider to return a verdict:  do not
27 read, watch, or listen to any news or media accounts or commentary
28 about the case or anything to do with it; do not do any research,

1  such as consulting dictionaries, searching the Internet or using
2  other reference materials; and do not make any investigation or in
3  any other way try to learn about the case on your own.

4      The law requires these restrictions to ensure the parties
5  have a fair trial based on the same evidence that each party has
6  had an opportunity to address.  A juror who violates these
7  restrictions jeopardizes the fairness of these proceedings and a
8  mistrial could result that would require the entire trial process
9  to start over.  If any juror is exposed to any outside
10 information, please notify the court immediately.

11

12

13

14

15

16

17

18 9th Circuit JI Civil 1.12 (2007, amended October, 2009)
19 Plaintiff's Proposed Instruction No. _10_

20

21

22

23

24

25

26

27

28              INSTRUCTION NO. _2A_

1  CONDUCT OF THE JURY

2          I will now say a few words about your conduct as jurors.

3          First, keep an open mind throughout the trial, and do not
4  decide what the verdict should be until you and your fellow jurors
5  have completed your deliberations at the end of the case.

6          Second, because you must decide this case based only on
7  the evidence received in the case and on my instructions as to the
8  law that applies, you must not be exposed to any other information
9  about the case or to the issues it involves during the course of
10 your jury duty.  Thus, until the end of the case or unless I tell
11 you otherwise:

12         Do not communicate with anyone in any way and do not let
13 anyone else communicate with you in any way about the merits of
14 the case or anything to do with it.  This includes discussing the
15 case in person, in writing, by phone or electronic means, via
16 e-mail, text messaging, or any Internet chat room, blog, Web site
17 or other feature.  This applies to communicating with your fellow
18 jurors until I give you the case for deliberation, and it applies
19 to communicating with everyone else including your family members,
20 your employer, and the people involved in the trial, although you
21 may notify your family and your employer that you have been seated
22 as a juror in the case.  But, if you are asked or approached in
23 any way about your jury service or anything about this case, you
24 must respond that you have been ordered not to discuss the matter
25 and to report the contact to the court.

26         Because you will receive all the evidence and legal
27 instruction you properly may consider to return a verdict:  do not
28 read, watch, or listen to any news or media accounts or commentary

1 | about the case or anything to do with it; do not do any research,
2 | such as consulting dictionaries, searching the Internet or using
3 | other reference materials; and do not make any investigation or in
4 | any other way try to learn about the case on your own.
5 | The law requires these restrictions to ensure the parties
6 | have a fair trial based on the same evidence that each party has
7 | had an opportunity to address.  A juror who violates these
8 | restrictions jeopardizes the fairness of these proceedings[, and a
9 | mistrial could result that would require the entire trial process
10 | to start over].  If any juror is exposed to any outside
11 | information, please notify the court immediately.
12
13
14
15
16
17
18
19
20
21
22
23 | 9TH Cir., 1.3 (2007)(As modified).
24 | Defendants' Proposed Instruction No.  9
25
26
27
28 | INSTRUCTION NO.  2B

1          When you begin your deliberations, you should elect one
2    member of the jury as your presiding juror.  That person will
3    preside over the deliberations and speak for you here in court.
4          You will then discuss the case with your fellow jurors to
5    reach agreement if you can do so.  Your verdict must be unanimous.
6          Each of you must decide the case for yourself, but you
7    should do so only after you have considered all of the evidence,
8    discussed it fully with the other jurors, and listened to the
9    views of your fellow jurors.
10         Do not hesitate to change your opinion if the discussion
11   persuades you that you should. Do not come to a decision simply
12   because other jurors think it is right.
13         It is important that you attempt to reach a unanimous
14   verdict but, of course, only if each of you can do so after having
15   made your own conscientious decision.  Do not change an honest
16   belief about the weight and effect of the evidence simply to reach
17   a verdict.
18
19
20
21
22
23
24
25   *9th Circuit JI Civil* 3.1 (2007)
26   Plaintiff's Proposed Instruction No. _20_
27
28                          INSTRUCTION NO. _2C_

1 DUTY TO DELIBERATE

2       When you begin your deliberations, you should elect one
3 member of the jury as your presiding juror. That person will
4 preside over the deliberations and speak for you here in court.

5       You will then discuss the case with your fellow jurors to
6 reach agreement if you can do so. Your verdict must be unanimous.

7       Each of you must decide the case for yourself, but you
8 should do so only after you have considered all of the evidence,
9 discussed it fully with the other jurors, and listened to the
10 views of your fellow jurors.

11       Do not hesitate to change your opinion if the discussion
12 persuades you that you should. Do not come to a decision simply
13 because other jurors think it is right.

14       It is important that you attempt to reach a unanimous
15 verdict but, of course, only if each of you can do so after having
16 made your own conscientious decision. Do not change an honest
17 belief about the weight and effect of the evidence simply to reach
18 a verdict.

19

20

21

22 9TH Cir., 3.1 (2007).

23 Defendants' Proposed Instruction No. __15__

24

25

26

27

28                         INSTRUCTION NO. __2D__

1          If it becomes necessary during your deliberations to
2  communicate with me, you may send a note through the bailiff,
3  signed by your presiding juror or by one or more members of the
4  jury.  No member of the jury should ever attempt to communicate
5  with me except by a signed writing; I will communicate with any
6  member of the jury on anything concerning the case only in
7  writing, or here in open court.  If you send out a question, I
8  will consult with the parties before answering it, which may take
9  some time.  You may continue your deliberations while waiting for
10  the answer to any question.  Remember that you are not to tell
11  anyone — including me — how the jury stands, numerically or
12  otherwise, until after you have reached a unanimous verdict or
13  have been discharged.  Do not disclose any vote count in any note
14  to the court.

15
16
17
18
19
20
21
22
23
24
25  *9th Circuit JI Civil* 3.2 (2007)
26  Plaintiff's Proposed Instruction No. _21_
27
28                    INSTRUCTION NO. _2E_

1  COMMUNICATION WITH COURT

2         If it becomes necessary during your deliberations to
3  communicate with me, you may send a note through the marshal,
4  signed by your presiding juror or by one or more members of the
5  jury.  No member of the jury should ever attempt to communicate
6  with me except by a signed writing; I will communicate with any
7  member of the jury on anything concerning the case only in
8  writing, or here in open court.  If you send out a question, I
9  will consult with the parties before answering it, which may take
10  some time.  You may continue your deliberations while waiting for
11  the answer to any question.  Remember that you are not to tell
12  anyone — including me — how the jury stands, numerically or
13  otherwise, until after you have reached a unanimous verdict or
14  have been discharged.  Do not disclose any vote count in any note
15  to the court.

16
17
18
19
20
21
22  9TH Cir., 3.2 (2007).
23  Defendants' Proposed Instruction No. __16__
24
25
26
27                    INSTRUCTION NO. __2F__
28

1  A verdict form has been prepared for you. After you have reached

2  unanimous agreement on a verdict, your presiding juror will fill

3  in the form that has been given to you, sign and date it, and

4  advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  *9th Circuit JI Civil* 3.3 (2007)

25  Plaintiff's Proposed Instruction No. __22__

26

27

28                    INSTRUCTION NO. _2G_

1  RETURN OF VERDICT

2          Verdict forms have been prepared for you.  After you have

3  reached unanimous agreement on a verdict regarding the claims of

4  the Plaintiff against each Defendant, the foreperson of the jury

5  will fill in the forms that have been given to you, sign and date

6  them, and advise the Court that you are ready to return to the

7  Court.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22  9th Cir., 3.3 (2007).

23  Defendants' Proposed Instruction No. _21_

24

25

26

27

28                    INSTRUCTION NO. _2H_

1    Members of the jury, you have advised that you have been
2 unable to agree upon a verdict in this case.  I have decided to
3 suggest a few thoughts to you.

4    As jurors, you have a duty to discuss the case with one
5 another and to deliberate in an effort to reach a unanimous
6 verdict if each of you can do so without violating your individual
7 judgment and conscience.  Each of you must decide the case for
8 yourself, but only after you consider the evidence impartially
9 with your fellow jurors.  During your deliberations, you should
10 not hesitate to reexamine your own views and change your opinion
11 if you become persuaded that it is wrong.  However, you should not
12 change an honest belief as to the weight or effect of the evidence
13 solely because of the opinions of your fellow jurors or for the
14 mere purpose of returning a verdict.

15    All of you are equally honest and conscientious jurors who
16 have heard the same evidence.  All of you share an equal desire to
17 arrive at a verdict.  Each of you should ask yourself whether you
18 should question the correctness of your present position.

19    I remind you that in your deliberations you are to
20 consider the instructions I have given you as a whole.  You should
21 not single out any part of any instruction, including this one,
22 and ignore others.  They are all equally important.

23    You may now retire and continue your deliberations.

24

25 *9ᵗʰ Circuit JI Civil* 3.5 (2007)

26 Plaintiff's Proposed Instruction No. _23_

27

28                    INSTRUCTION NO. _21_

1  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

2          You should decide the case as to each party, Plaintiff and

3  Defendant, separately. Unless otherwise stated, the instructions

4  apply to all parties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22  9TH Cir., 1.5 (2007).

23  Defendants' Proposed Instruction No. _3_

24

25

26

27

28                    INSTRUCTION NO. _3_

1 | Trials proceed in the following way:  First, each side may make an
2 | opening statement.  An opening statement is not evidence.  It is
3 | simply an outline to help you understand what that party expects
4 | the evidence will show.  A party is not required to make an
5 | opening statement.

6 |       The plaintiff will then present evidence, and counsel for
7 | the defendant may cross-examine.  Then the defendant may present
8 | evidence, and counsel for the plaintiff may cross-examine.

9 |       After the evidence has been presented, I will instruct you
10 | on the law that applies to the case and the attorneys will make
11 | closing arguments.

12 |       After that, you will go to the jury room to deliberate on
13 | your verdict.

25 | *9th Circuit JI Civil* 1.19 (2007)
26 | Plaintiff's Proposed Instruction No. _14_

28 | INSTRUCTION NO. _3A_

1 OUTLINE OF TRIAL

2          Trials proceed in the following way:  First, each side may
3 make an opening statement.  An opening statement is not evidence.
4 It is simply an outline to help you understand what that party
5 expects the evidence will show.  A party is not required to make
6 an opening statement.

7          The plaintiff will then present evidence, and counsel for
8 the defendant may cross-examine.  Then the defendant may present
9 evidence, and counsel for the plaintiff may cross-examine.

10          After the evidence has been presented, I will instruct you
11 on the law that applies to the case and the attorneys will make
12 closing arguments.

13          After that, you will go to the jury room to deliberate on
14 your verdict.

15

16

17

18

19

20

21

22 9TH Cir., 1.19 (2007).

23 Defendants' Proposed Instruction No.  13

24

25

26

27

28                     INSTRUCTION NO.  3B

1      To help you follow the evidence, I will give you a brief
2  summary of the positions of the parties:

3      The Plaintiff claims that his First Amendment right to
4  freedom of speech was violated by the Defendants.  In summary, he
5  claims that on account of his exercise of free speech, the
6  Defendants deprived him of a valuable governmental benefit, in
7  this case, a contract for the construction of a sound wall at
8  Western Nevada College.  The Plaintiff has the burden of proving
9  this claim.

10      The Defendants deny this claim and contend that they did
11  not enter into a contract with the Plaintiff, and that they would
12  have decided against constructing a sound wall in any event
13  because of other concerns, including concerns about safety and
14  maintenance.  The Defendants have the burden of proving this
15  defense.

16      The Plaintiff denies the Defendants' defense claims.

17
18
19
20
21
22
23
24
25  *9ᵗʰ Circuit JI Civil 1.2* (2007), revised
26  Plaintiff's Proposed Instruction No. _2_
27
28                    INSTRUCTION NO. _4_

1                          CLAIMS AND DEFENSES

2          To help you follow the evidence, I will give you a brief

3    summary of the positions of the parties:

4          The Plaintiff claims that his First Amendment right to

5    freedom of speech was violated by the Defendants.  In summary, he

6    claims that on account of his exercise of free speech, the

7    Defendants deprived him of a valuable governmental benefit, in

8    this case, a contract for the construction of a sound wall at

9    Western Nevada College.  The Plaintiff has the burden of proving

10   this claim.

11         The Defendants deny this claim and contend that they did not

12   enter into a contract with the Plaintiff, and that they would have

13   decided against constructing a sound wall in any event because of

14   other concerns, including concerns about safety and maintenance.

15   The Defendants have the burden of proving this defense.

16         The Plaintiff denies the Defendants' defense claims.

17

18

19

20

21

22   9TH Cir., 1.2 (2007), Order (#102), Transcript of Ruling, p. 28,
23   ln. 7-11, June 5, 2009.

24   Defendants' Proposed Instruction No.  19

25

26

27

28                          INSTRUCTION NO.  5

1   WHAT IS EVIDENCE

2        The evidence you are to consider in deciding what the facts

3   are consists of:

4        1.   the sworn testimony of any witness;

5        2.   the exhibits which are received into evidence; and

6        3.   any facts to which the lawyers have agreed.

22  9TH Cir., 1.6 (2007).

23  Defendants' Proposed Instruction No. _4_

28                          INSTRUCTION NO. _6_

1  WHAT IS NOT EVIDENCE

2      In reaching your verdict, you may consider only the testimony
3  and exhibits received into evidence. Certain things are not
4  evidence, and you may not consider them in deciding what the facts
5  are. I will list them for you:

6      (1) Arguments and statements by lawyers are not evidence. The
7  lawyers are not witnesses. What they have said in their opening
8  statements, [will say in their] closing arguments, and at other
9  times is intended to help you interpret the evidence, but it is
10  not evidence. If the facts as you remember them differ from the
11  way the lawyers have stated them, your memory of them controls.
12  (2) Questions and objections by lawyers are not evidence.
13  Attorneys have a duty to their clients to object when they believe
14  a question is improper under the rules of evidence. You should not
15  be influenced by the objection or by the court's ruling on it.
16  (3) Testimony that has been excluded or stricken, or that you have
17  been instructed to disregard, is not evidence and must not be
18  considered.  In addition sometimes testimony and exhibits are
19  received only for a limited purpose; when I [give] [have given] a
20  limiting instruction, you must follow it.
21  (4) Anything you may have seen or heard when the court was not in
22  session is not evidence. You are to decide the case solely on the
23  evidence received at the trial.

24  9TH Cir., 1.7 (2007).

25  Defendants' Proposed Instruction No. _5_

26

27

28                          INSTRUCTION NO. _7_

1 | RULING ON OBJECTIONS

2 |     There are rules of evidence that control what can be received
3 | into evidence.  When a lawyer asks a question or offers an exhibit
4 | into evidence and a lawyer on the other side thinks that it is not
5 | permitted by the rules of evidence, that lawyer may object.  If I
6 | overrule the objection, the question may be answered or the
7 | exhibit received.  If I sustain the objection, the question cannot
8 | be answered, and the exhibit cannot be received.  Whenever I
9 | sustain an objection to a question, you must ignore the question
10 | and must not guess what the answer might have been.

11 |     Sometimes I may order that evidence be stricken from the
12 | record and that you disregard or ignore the evidence.  That means
13 | that when you are deciding the case, you must not consider the
14 | evidence that I told you to disregard.

15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 | 9TH Cir., 1.10 (2007).
23 | Defendants' Proposed Instruction No. _7_
24 |
25 |
26 |
27 |
28 |                          INSTRUCTION NO. _8_

1      When a party has the burden of proof on any claim or
2  affirmative defense by a preponderance of the evidence, it means
3  you must be persuaded by the evidence that the claim or
4  affirmative defense is more probably true than not true.
5      You should base your decision on all of the evidence,
6  regardless of which party presented it.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  *9ᵗʰ Circuit JI Civil* 1.3 (2007)
26  Plaintiff's Proposed Instruction No. __3__
27
28                    INSTRUCTION NO. __9__

BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9TH Cir., 1.3 (2007).

Defendants' Proposed Instruction No. _2_

INSTRUCTION NO. _10_

1     The evidence you are to consider in deciding what the facts
2  are consists of:
3     1.   the sworn testimony of any witness;
4     2.   the exhibits which are received into evidence; and
5     3.   any facts to which the lawyers have agreed.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  *9ᵗʰ Circuit JI Civil 1.6 (2007)*
26  Plaintiff's Proposed Instruction No. _4_
27
28                 INSTRUCTION NO. _11_

1    In reaching your verdict, you may consider only the testimony
2 and exhibits received into evidence. Certain things are not
3 evidence, and you may not consider them in deciding what the facts
4 are. I will list them for you:

5    (1) Arguments and statements by lawyers are not evidence. The
6 lawyers are not witnesses. What they have said in their opening
7 statements, will say in their closing arguments, and at other
8 times is intended to help you interpret the evidence, but it is
9 not evidence. If the facts as you remember them differ from the
10 way the lawyers have stated them, your memory of them controls.

11    (2) Questions and objections by lawyers are not evidence.
12 Attorneys have a duty to their clients to object when they believe
13 a question is improper under the rules of evidence. You should not
14 be influenced by the objection or by the court's ruling on it.

15    (3) Testimony that has been excluded or stricken, or that you
16 have been instructed to disregard, is not evidence and must not be
17 considered.  In addition sometimes testimony and exhibits are
18 received only for a limited purpose; when I give a limiting
19 instruction, you must follow it.

20    (4) Anything you may have seen or heard when the court was
21 not in session is not evidence. You are to decide the case solely
22 on the evidence received at the trial.

23
24
25 *9th Circuit JI Civil* 1.7 (2007)
26 Plaintiff's Proposed Instruction No. _5_
27
28                   INSTRUCTION NO. _12_

1.8 EVIDENCE FOR LIMITED PURPOSE

    Some evidence may be admitted for a limited purpose only.

    When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

*9th Circuit JI Civil* 1.8 (2007)

Plaintiff's Proposed Instruction No. _6_

INSTRUCTION NO. _13_

1    Evidence may be direct or circumstantial.  Direct evidence is

2  direct proof of a fact, such as testimony by a witness about what

3  that witness personally saw or heard or did.  Circumstantial

4  evidence is proof of one or more facts from which you could find

5  another fact.  You should consider both kinds of evidence.  The

6  law makes no distinction between the weight to be given to either

7  direct or circumstantial evidence.  It is for you to decide how

8  much weight to give to any evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  *9th Circuit JI Civil* 1.9 (2007)

26  Plaintiff's Proposed Instruction No. _7_

27

28                    INSTRUCTION NO. _14_

1  DIRECT AND CIRCUMSTANTIAL EVIDENCE

2       Evidence may be direct or circumstantial.  Direct evidence is

3  direct proof of a fact, such as testimony by a witness about what

4  that witness personally saw or heard or did.  Circumstantial

5  evidence is proof of one or more facts from which you could find

6  another fact.  You should consider both kinds of evidence.  The

7  law makes no distinction between the weight to be given to either

8  direct or circumstantial evidence.  It is for you to decide how

9  much weight to give to any evidence.

10      By way of example, if you wake up in the morning and see that

11 the sidewalk is wet, you may find from that fact that it rained

12 during the night. However, other evidence, such as a turned on

13 garden hose, may provide a different explanation for the presence

14 of water on the sidewalk. Therefore, before you decide that a fact

15 has been proved by circumstantial evidence, you must consider all

16 the evidence in the light of reason, experience, and common sense.

17

18

19

20

21

22 9TH Cir., 1.9 (2007).

23 Defendants' Proposed Instruction No. _6_

24

25

26

27

28                        INSTRUCTION NO. _15_

1    There are rules of evidence that control what can be received
2  into evidence.  When a lawyer asks a question or offers an exhibit
3  into evidence and a lawyer on the other side thinks that it is not
4  permitted by the rules of evidence, that lawyer may object.  If I
5  overrule the objection, the question may be answered or the
6  exhibit received.  If I sustain the objection, the question cannot
7  be answered, and the exhibit cannot be received.  Whenever I
8  sustain an objection to a question, you must ignore the question
9  and must not guess what the answer might have been.

10    Sometimes I may order that evidence be stricken from the
11  record and that you disregard or ignore the evidence.  That means
12  that when you are deciding the case, you must not consider the
13  evidence that I told you to disregard.

14
15
16
17
18
19
20
21
22
23
24
25  *9ᵗʰ Circuit JI Civil* 1.10 (2007)
26  Plaintiff's Proposed Instruction No. _8_
27
28                    INSTRUCTION NO. _16_

Case 3:06-cv-00138-ECR-VPC  Document 219  Filed 07/07/10  Page 67 of 135


1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


9th Circuit JI Civil 1.11 (2007)

Plaintiff's Proposed Instruction No. _9_




INSTRUCTION NO. _17_

1  CREDIBILITY OF WITNESSES

2       In deciding the facts in this case, you may have to decide

3  which testimony to believe and which testimony not to believe. You

4  may believe everything a witness says, or part of it, or none of

5  it.  Proof of a fact does not necessarily depend on the number of

6  witnesses who testify about it.

7       In considering the testimony of any witness, you may take

8  into account:

9       (1) the opportunity and ability of the witness to see or hear

10      or know the things testified to;

11      (2) the witness's memory;

12      (3) the witness's manner while testifying;

13      (4) the witness's interest in the outcome of the case and any

14  bias or prejudice;

15      (5) whether other evidence contradicted the witness's

16  testimony;

17      (6) the reasonableness of the witness's testimony in light of

18  all the evidence; and

19      (7) any other factors that bear on believability.

20      The weight of the evidence as to a fact does not necessarily

21  depend on the number of witnesses who testify about it.

22  9TH Cir., 1.11 (2007).

23  Defendants' Proposed Instruction No.  8

24

25

26

27

28                         INSTRUCTION NO.  18

1       During deliberations, you will have to make your decision
2  based on what you recall of the evidence.  You will not have a
3  transcript of the trial.  I urge you to pay close attention to the
4  testimony as it is given.
5       If at any time you cannot hear or see the testimony,
6  evidence, questions or arguments, let me know so that I can
7  correct the problem.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  *9th Circuit JI Civil* 1.13 (2007)
26  Plaintiff's Proposed Instruction No. _11_
27
28                    INSTRUCTION NO. _19_

1  NO TRANSCRIPT AVAILABLE TO JURY

2       During deliberations, you will have to make your decision

3  based on what you recall of the evidence.  You will not have a

4  transcript of the trial.  I urge you to pay close attention to the

5  testimony as it is given.

6       If at any time you cannot hear or see the testimony,

7  evidence, questions or arguments, let me know so that I can

8  correct the problem.

9

10

11

12

13

14

15

16

17

18

19

20

21

22  9TH Cir., 1.13 (2007).

23  Defendants' Proposed Instruction No.  10

24

25

26

27

28                          INSTRUCTION NO.  20

1    If you wish, you may take notes to help you remember the
2  evidence. If you do take notes, please keep them to yourself until
3  you and your fellow jurors go to the jury room to decide the case.
4  Do not let note-taking distract you. When you leave, your notes
5  should be left in the jury room [envelope in the jury room].  No
6  one will read your notes.  They will be destroyed at the
7  conclusion of the case.

8    Whether or not you take notes, you should rely on your own
9  memory of the evidence. Notes are only to assist your memory. You
10 should not be overly influenced by your notes or those of your
11 fellow jurors.

25  *9th Circuit JI Civil* 1.14 (2007)
26  Plaintiff's Proposed Instruction No. _12_

28                      INSTRUCTION NO. _21_

1  TAKING NOTES

2      If you wish, you may take notes to help you remember the

3  evidence. If you do take notes, please keep them to yourself until

4  you and your fellow jurors go to the jury room to decide the case.

5  Do not let note-taking distract you. When you leave, your notes

6  should be left in the [courtroom] [jury room] [envelope in the

7  jury room].  No one will read your notes.  They will be destroyed

8  at the conclusion of the case.

9      Whether or not you take notes, you should rely on your own

10  memory of the evidence. Notes are only to assist your memory. You

11  should not be overly influenced by your notes or those of your

12  fellow jurors.

13

14

15

16

17

18

19

20

21

22  9TH Cir., 1.14 (2007).

23  Defendants' Proposed Instruction No. __11__

24

25

26

27

28                   INSTRUCTION NO. __22__

1        From time to time during the trial, it may become necessary
2   for me to talk with the attorneys out of the hearing of the jury,
3   either by having a conference at the bench when the jury was
4   present in the courtroom, or by calling a recess.  Please
5   understand that while you were waiting, we were working.  The
6   purpose of these conferences is not to keep relevant information
7   from you, but to decide how certain evidence is to be treated
8   under the rules of evidence and to avoid confusion and error.
9        Of course, we have done what we could to keep the number and
10  length of these conferences to a minimum.  I may not always grant
11  an attorney's request for a conference.  Do not consider my
12  granting or denying a request for a conference as any indication
13  of my opinion of the case or of what your verdict should be.
14
15
16
17
18
19
20
21
22
23
24
25  *9th Circuit JI Civil* 1.18 (2007)
26  Plaintiff's Proposed Instruction No.  13
27
28                      INSTRUCTION NO.  23

1  BENCH CONFERENCES AND RECESSES

2       From time to time during the trial, it may become necessary
3  for me to talk with the attorneys out of the hearing of the jury,
4  either by having a conference at the bench when the jury is
5  present in the courtroom, or by calling a recess.  Please
6  understand that while you are waiting, we are working.  The
7  purpose of these conferences is not to keep relevant information
8  from you, but to decide how certain evidence is to be treated
9  under the rules of evidence and to avoid confusion and error.

10       Of course, we will do what we can to keep the number and
11  length of these conferences to a minimum.  I may not always grant
12  an attorney's request for a conference.  Do not consider my
13  granting or denying a request for a conference as any indication
14  of my opinion of the case or of what your verdict should be.

15

16

17

18

19

20

21  9TH Cir., 1.18 (2007).

22  Defendants' Proposed Instruction No.  12

23

24

25

26

27

28                    INSTRUCTION NO.  24

1      The parties have agreed to certain facts to be placed in
2 evidence that I will be read to you. You should therefore treat
3 these facts as having been proved.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25 *9ᵗʰ Circuit JI Civil 2.2 (2007)*
26 Plaintiff's Proposed Instruction No. _15_
27
28                    INSTRUCTION NO. _25_

1    The evidence that a witness, for example, has been convicted
2  of a crime, lied under oath on a prior occasion, *et cetera*, may be
3  considered, along with all other evidence, in deciding whether or
4  not to believe the witness and how much weight to give to the
5  testimony of the witness and for no other purpose.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  *9ᵗʰ Circuit JI Civil 2.8 (2007)*
26  Plaintiff's Proposed Instruction No. _16_
27
28                    INSTRUCTION NO. _26_

1    Some witnesses, because of education or experience, are
2  permitted to state opinions and the reasons for those opinions.
3    Opinion testimony should be judged just like any other
4  testimony. You may accept it or reject it, and give it as much
5  weight as you think it deserves, considering the witness's
6  education and experience, the reasons given for the opinion, and
7  all the other evidence in the case.

25  *9th Circuit JI Civil* 2.11 (2007)
26  Plaintiff's Proposed Instruction No. _17_

28                  INSTRUCTION NO. _27_

1 EXPERT OPINION

2      Some witnesses, because of education or experience, are

3 permitted to state opinions and the reasons for those opinions.

4      Opinion testimony should be judged just like any other

5 testimony. You may accept it or reject it, and give it as much

6 weight as you think it deserves, considering the witness's

7 education and experience, the reasons given for the opinion, and

8 all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22 9TH Cir., 2.11 (2007).

23 Defendants' Proposed Instruction No.  14

24

25

26

27

28                     INSTRUCTION NO.  28

1      Certain charts and summaries not received in evidence may

2   have been shown to you in order to help explain the contents of

3   books, records, documents, or other evidence in the case.  They

4   are not themselves evidence or proof of any facts.  If they do not

5   correctly reflect the facts or figures shown by the evidence in

6   the case, you should disregard these charts and summaries and

7   determine the facts from the underlying evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   *9ᵗʰ Circuit JI Civil* 2.12 (2007)

26   Plaintiff's Proposed Instruction No.  18

27

28                         INSTRUCTION NO.  29

1                          CHARTS AND SUMMARIES

2         Certain charts and summaries have been shown to you in order

3    to help illustrate the information brought out in the trial.

4    Charts and summaries are only as good as the underlying evidence

5    that supports them.  You should, therefore, give them only such

6    weight as you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18   9th Cir., 2.13 (2007).

19   Defendants' Offered Instruction No. __20__

20

21

22

23

24

25

26

27

28                          INSTRUCTION NO. __30__

1        Certain charts and summaries may have been received into
2   evidence to illustrate information brought out in the trial.
3   Charts and summaries are only as good as the underlying evidence
4   that supports them.  You should, therefore, give them only such
5   weight as you think the underlying evidence deserves.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   *9th Circuit JI Civil* 2.13 (2007)
26   Plaintiff's Proposed Instruction No. __19__
27
28                        INSTRUCTION NO. __31__

1 FIRST AMENDMENT RETALIATION CLAIM

2      The plaintiff alleges that Carol Lucey deprived him of his

3 rights under the First Amendment to the Constitution when Carol

4 Lucey breached a contract with Plaintiff in retaliation for

5 Plaintiff engaging in speech on a matter of public concern.

6 In order to prove that Carol Lucey deprived the plaintiff of this

7 First Amendment right, the plaintiff must prove the following

8 elements by a preponderance of the evidence:

9      1.    That Plaintiff Joe Zeitchick and Defendant Carol Lucey

10           entered into a contract for the construction of a sound

11           wall;

12     2.    That Plaintiff Joe Zeitchick, on August 9, 2005, at a

13           Northwest Property Owners' Association meeting, engaged

14           in speech on a matter of public concern;

15     3.    That Defendant Carol Lucey breached the contract;

16     4.    That Plaintiff's speech was a substantial and motivating

17           factor for the breach.

18     5.    That Defendant Carol Lucey acted under color of law.

19      I instruct you that the plaintiff's speech was on a matter of

20 public concern, and, therefore, the second element requires no

21 proof.

22      A person acts "under color of law" when the person acts or

23 purports to act in the performance of official duties under any

24 state, county, or municipal law, ordinance, or regulation.

25

26      A substantial or motivating factor is a significant factor.

27

28 Order (#102); Ninth Circuit Model Instruction 9.9 and 9.2

1   (modified)

2

3   Court's Proposed Instruction No. __1__

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                     INSTRUCTION No. __32__

1  FIRST AMENDMENT RETALIATION CLAIM

2      The plaintiff alleges that Helaine Jesse deprived him of his

3  rights under the First Amendment to the Constitution when Helaine

4  Jesse breached a contract with Plaintiff in retaliation for

5  Plaintiff engaging in speech on a matter of public concern.

6  In order to prove that Helaine Jesse deprived the plaintiff of

7  this First Amendment right, the plaintiff must prove the following

8  elements by a preponderance of the evidence:

9      1.    That Plaintiff Joe Zeitchick and Defendant Helaine Jesse

10           entered into a contract for the construction of a sound

11           wall;

12     2.    That Plaintiff Joe Zeitchick, on August 9, 2005, at a

13           Northwest Property Owners' Association meeting, engaged

14           in speech on a matter of public concern;

15     3.    That Defendant Helaine Jesse breached the contract;

16     4.    That Plaintiff's speech was a substantial and motivating

17           factor for the breach.

18     5.    That Defendant Helaine Jesse acted under color of law.

19     I instruct you that the plaintiff's speech was on a matter of

20  public concern, and, therefore, the second element requires no

21  proof.

22     A person acts "under color of law" when the person acts or

23  purports to act in the performance of official duties under any

24  state, county, or municipal law, ordinance, or regulation.

25     A substantial or motivating factor is a significant factor.

26

27

28  Order (#102); Ninth Circuit Model Instruction 9.9 and 9.2

1   (modified)

2

3   Court's Proposed Instruction No. __2__

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          INSTRUCTION No. __33__

1    The plaintiff has brought his claim under the federal
2  statute, 42 U.S.C. § 1983, which provides that any person or
3  persons who, under color of law, deprives another of any rights,
4  privileges, or immunities secured by the Constitution or laws of
5  the United States shall be liable to the injured party.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  *9th Circuit JI Civil 9.1 (2007)*
26  Plaintiff's Proposed Instruction No. _27_
27
28                    INSTRUCTION NO. _34_

1    In order to prevail on his § 1983 claim against the
2 defendants, Carol Lucy and/or Helaine Jesse, plaintiff must prove
3 each of the following elements by a preponderance of the evidence:
4       1.    the defendant acted under color of law; and
5       2.    the acts of the defendant deprived the plaintiff of
6             First Amendment rights under the United States
7             Constitution as explained in later instructions.
8    A person acts "under color of law" when the person acts or
9 purports to act in the performance of official duties under any
10 state, county, or municipal law, ordinance, or regulation. I
11 instruct you that the defendant acted under color of law.
12    If you find the plaintiff has proved each of these elements,
13 and if you find that the plaintiff has proved all the elements he
14 is required to prove under this Instruction your verdict should be
15 for the plaintiff.  If, on the other hand, the plaintiff has
16 failed to prove any one or more of these elements, your verdict
17 should be for the defendant.
18
19
20
21
22
23
24 *9ᵗʰ Circuit JI Civil* 9.2 (2007, amended October, 2009)
25 Plaintiff's Proposed Instruction No. _28_
26
27
28                    INSTRUCTION NO. _35_

1   As previously explained, the plaintiff has the burden to
2   prove that the acts of the Defendant Carol Lucey and/or Defendant
3   Helaine Jesse deprived the plaintiff of particular rights under
4   the United States Constitution.  In this case, the plaintiff
5   alleges the defendants deprived him rights under the First
6   Amendment to the Constitution when they refused to go forth with
7   the sound wall project in retaliation for the statements he made
8   at the August 9, 2005, Northwest Property Owners' Association
9   meeting.

10   Under the First Amendment, a citizen has the right to free
11   expression.  In order to prove the defendants deprived the
12   plaintiff of this First Amendment right, the plaintiff must prove
13   the following additional elements by a preponderance of the
14   evidence:

15   1.   the plaintiff engaged in protected speech under the
16        First Amendment;

17   2.   the defendant took action against the plaintiff;
18        and

19   3.   plaintiff's protected speech was a substantial or
20        motivating factor for the defendant's action.

21   I instruct you that plaintiff's speech was protected under
22   the First Amendment and, therefore, the first element requires no
23   proof.

24   A substantial or motivating factor is a significant factor.
25   9th Circuit JI Civil 9.10 (2007, amended October, 2007), revised
26   Plaintiff's Proposed Instruction No. __29__

27

28                    INSTRUCTION NO. __36__

1                    FIRST AMENDMENT RETALIATION CLAIM

2        Plaintiff Joe Zeitchick's claim against the Defendants Carol

3  Lucey and Helaine Jesse is brought pursuant to 42 U.S.C. Sec.

4  1983.  Section 1983 provides that every person who, acting under

5  color of law, deprives another of any "rights, privileges, or

6  immunities secured by the Constitutions and laws, shall be liable

7  to the party injured."  The government may not deny a benefit to

8  persons on the basis of their, "constitutionally protected

9  interests; especially, their interests in freedom of speech."  The

10 breach of an oral contract on account of a private party's

11 exercise of free speech may show the loss of a valuable

12 governmental benefit.

13       There are four elements of a First Amendment retaliation

14 claim:

15       1.   The government must deny;

16       2.   A government benefit to the Plaintiff;

17       3.   On account of; and

18       4.   The Plaintiff's freedom of speech.

19       Plaintiff Joe Zeitchick alleges that in retaliation for his

20 public comments about Western Nevada College, the Defendants

21 reneged on their agreement to erect a sound barrier to eliminate

22 or lessen the noise of an air conditioner unit located on top of

23 the Bristlecone Building at the College.

24       In order for the jury to find a violation of Plaintiff's

25 constitutional rights, you must determine whether Joe Zeitchick

26 and the Defendants, Carol Lucey and Helaine Jesse, had entered

27 into a contract regarding the construction of a sound wall around

28 the air conditioning unit located on top of the College

Bristlecone Building.

Plaintiff has the burden to prove all elements of his claim by a preponderance of the evidence.  Plaintiff must prove the following:

1.   That Plaintiff Joe Zeitchick and Defendants Carol Lucey and Helaine Jesse had entered into a contract for the construction of a sound wall;

2.   That Plaintiff Joe Zeitchick exercised his First Amendment right to free speech about the college;

3.   That, in retaliation for Joe Zeitchick's speech;

4.   Defendants Carol Lucey and Helaine Jesse reneged on the contract.

If the jury finds that Plaintiff has met his burden to prove all of the elements of the claim against each Defendant separately by a preponderance of the evidence, then the jury must find in favor of the Plaintiff Joe Zeitchick on the claim of First Amendment retaliation.  If the jury finds that the Plaintiff has not met his burden to prove all of the elements of the claim by a preponderance of the evidence against each Defendant separately, then the jury must find in favor of each Defendant on the claim of First Amendment retaliation.

Order (#102), Transcript of Ruling, June 5, 2009, pp. 15-16.
Defendants' Requested Instruction No.  23

INSTRUCTION No.  37

1  RETALIATION

2       Plaintiff has the burden to prove by a preponderance of the
3  evidence that he was denied a valuable governmental benefit on
4  account of his protected speech.  The Plaintiff must show that he
5  engaged in expressive conduct that addressed a matter of public
6  concern.  The government must then take an adverse action against
7  the Plaintiff, and the expressive conduct must have been a
8  motivating or substantial factor for the adverse action taken
9  against the Plaintiff.  Plaintiff bears the burden to prove that,
10 on account of his comments on a matter of public concern that the
11 Defendants decided to renege on a contract.

22 Order (#102), Transcript of Ruling, June 5, 2009, p. 30.
23 Defendants' Requested Instruction No.  27

28                    INSTRUCTION NO.  38

1 FIRST AMENDMENT PROTECTED SPEECH

2     Plaintiff has the burden to prove by a preponderance of the

3 evidence that his speech was protected in the first place.   In

4 order for speech to be protected under the First Amendment, a

5 person must speak about a matter of public concern.  A "matter of

6 public concern" is defined as one that relates to any matter of

7 political, social, or other concern to the community.  Speech that

8 concerns issues about which information is needed or appropriate

9 to enable the members of society to make informed decisions about

10 the operation of their government is protected.  Speech that is

11 intentionally false is not entitled to First Amendment protection.

22 Order (#102) June 5, 2009, pp. 30, 36; *Connick v. Meyers*, 461 U.S.
138, 146 (1983); *N.Y. Times Co. V. Sullivan*, 376 U.S. 254, 300
23 (1964); *Bearden v. Lemon*, 2006 U.S. Dist. LEXIS 58378 (E.D. Ark.
2006).
24

25 Defendants' Requested Instruction No.  24

28                       INSTRUCTION NO.  39

1   Contracts may be written or oral.
    Contracts may be partly written and partly oral.
2   Oral contracts are just as valid as written contracts.

3

4

5

6

7

8

9

10

11

12

13  *Judicial Counsel of California Civil Jury Instructions*
    (hereinafter, "CACI") 304 (2007)
14
    Plaintiff's Proposed Instruction No.  30
15

16

17

18

19

20

21

22

23

24

25

26

27

28                   INSTRUCTION NO.  40

1  EXISTENCE OF A CONTRACT

2      Plaintiff has the burden to prove the existence of a contract
3  by a preponderance of the evidence.  To form an enforceable
4  contract under Nevada law, there must be:

5      1.  An offer;

6      2.  Acceptance of that offer;

7      3.  A meeting of the minds (in other words, "an agreement";
8          and

9      4.  Consideration.

10     In order for there to be a "meeting of the minds," the
11 parties must have agreed to all material terms of a contract.  In
12 determining whether a contract, or its terms are definite, an
13 important consideration is whether the jury can determine the
14 alleged contract's exact meaning, and fix the legal obligations of
15 the parties.  A "meeting of the minds" cannot be established by an
16 ambiguous course of dealing between the two parties.

17     "Consideration" is defined as something of value (such as an
18 act, a forbearance, or a return promise) received by a promisor
19 from a promise.  To constitute consideration, there must be a
20 benefit accruing to the promisor or a detriment to the promisee.

21     Partial performance of an agreement may demonstrate that a
22 contract has been formed.  Mere negotiations or discussions with
23 government officials are not sufficient to create a contract.

24

25 Order (#102), Transcript of Ruling, June 5, 2009, pp. 17-18, 21-
26 22, 30; Minutes of the Court (#168), May 27, 2010; *Jamestowne on*
27 *Signal, Inc. v. First Federal Sav. & Loan Ass'n*, 807 S.W.2d 559,
28 564 (Tenn. App. 1990); Black's Law Dictionary 300 (7th ed. 1999);

1  *B-Dry Owners Ass'n v. B'Dry Sys., Inc.*, 636 N.E.2d 161, 163 (Ind.

2  Ct. App. 1994), trans. Denied.

3

4  Defendants' Requested Instruction No. __25__

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          INSTRUCTION NO. __41__

1       In deciding whether a contract was created, you should
2   consider the conduct and relationship of the parties as well as
3   all the circumstances of the case.
4       Contracts can be created by the conduct of the parties,
5   without spoken or written words. Contracts created by conduct are
6   just as valid as contracts formed with words.
7       Conduct will create a contract if the conduct of both parties
8   is intentional and each knows, or has reason to know, that the
9   other party will interpret the conduct as an agreement to enter
10  into a contract.
11
12
13
14
15
16
17
18
19
20
21
22
23  CACI 305 (2003)
24  Plaintiff's Proposed Instruction No. _31_
25
26
27
28                      INSTRUCTION NO. _42_

1      To form a enforceable contract under Nevada Law there must

2  be:   1.   an offer,

3        2.   an Acceptance of that offer,

4        3.   a meeting of the minds (that is, an agreement); and

5        4.   Consideration

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Special Instruction submitted by Plaintiff

26  Plaintiff's Proposed Instruction No. ___32___

27

28                          INSTRUCTION NO. _43_

1        To prove that the parties entered into a valid contract, the

2   plaintiff must prove that the parties' agreement included an

3   exchange of consideration.  For there to be a sufficient exchange

4   of consideration, something of value must be bargained for and

5   given in exchange for the other party's promise.

6        "Something of value" may consist of a promise, an act, or

7   forbearance.  It can be a benefit to one party or a detriment to

8   the other party.  Its actual value in money terms is not

9   important.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Special Instruction submitted by Plaintiff

26   Plaintiff's Proposed Instruction No. _33_

27

28                      INSTRUCTION NO. _44_

1        Partial performance of an agreement may demonstrate that a
2   contract has been formed.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Special Instruction submitted by Plaintiff
26  Plaintiff's Proposed Instruction No. __34____
27
28                        INSTRUCTION NO. _45_

1  A breach of contract is a material failure of performance of a

2  duty arising under or imposed by agreement.

3

4

5

6

7

8

9

10  Court's Proposed Instruction No. __3__

11  Bernard v. Rockhill Development Co., 734 P.2d 1238, 1240 (Nev.

12  1987)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    INSTRUCTION NO. __45A__

1        A party claiming apparent authority of an agent as a basis
2    for contract formation must prove:
3        1.   that he subjectively believed that the agent had
4             authority to act for the principal and
5        2.   that his subjective belief in the agent's authority
6             was objectively reasonable.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25    Special Instruction submitted by Plaintiff
26    Plaintiff's Proposed Instruction No. _35_
27
28                         INSTRUCTION NO. _46_

1       To prove that the parties entered into a valid contract, the
2  plaintiff must prove that the terms of the contract were
3  reasonably certain.

4       To be certain, the terms of the contract must enable the
5  parties to identify what the contract requires them to do and, in
6  like fashion, it must enable them to determine later whether or
7  not the contract has been performed.

8       Not all the terms of a contract need be absolutely decided,
9  so long as the parties agree upon the essential elements of the
10 agreement.  A contract with open terms may nevertheless constitute
11 an enforceable contract.  The terms of a contract may be
12 reasonably certain even though it empowers one or both parties to
13 make a selection of terms in the course of performance.

14      The law does not say what degree of certainty would be
15 reasonable in this situation.  That is for you to decide.

16

17

18

19

20

21

22

23

24

25 Special Instruction submitted by Plaintiff
26 Plaintiff's Proposed Instruction No. _36_

27

28                           INSTRUCTION NO. _47_

1      A mistaken belief about the law is not a defense to the
2   formation of a contract.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Special Instruction submitted by Plaintiff
26   Plaintiff's Proposed Instruction No.  37
27
28                    INSTRUCTION NO.  48

```
 1                              DEFINITIONS
 2
 3   Agreement: An agreement is a manifestation of mutual assent by two
 4   or more persons.
 5        The term 'agreement,' although frequently used as synonymous
 6   with the word 'contract,' is really an expression of greater
 7   breadth of meaning and less technicality. Every contract is an
 8   agreement; but not every agreement is a contract.
 9
10   Pledge: A pledge is a formal promise or undertaking.
11
12   Donation: A donation is a gift, especially to a charity.
13
14   Gift: A gift is a voluntary transfer of property to another
15   without compensation.
16
17
18
19
20
21
22
23
24
25   Court's Proposed Instruction No.  4
26   Black's Law Dictionary (8th ed. 2004)
27
28                      INSTRUCTION NO.  48A
```

1    There is no discernable difference between a gift, donation,
2  or contribution which - for the purposes of this case - have
3  interchangeable meanings.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Special Instruction submitted by Plaintiff
26  Plaintiff's Proposed Instruction No. __38__
27
28                          INSTRUCTION NO. __49__

1  GIFT

2      In general, a gift is considered to be an unenforceable

3  promise and does not a contract make.  Whether something is a

4  valid gift turns on several factors:

5      1.   Delivery must be completed;

6      2.   Delivery must be during the donor's lifetime;

7      3.   The donor must intend to make a gift; and

8      4.   The gift must be under the donee's exclusive control.

9  Even if partial payment is made by the donor, the donee must have

10  expended money or incurred liabilities in reliance on the gift, in

11  order for a gift to be an enforceable contract.

22  Order (#102, Transcript of Ruling, June 5, 2009, p. 19; 38 A.L.R. 868, "Consideration for Subscription Agreements"; *Maryland Nat.*

23  *Bank v. United Jewish Appeal Federation of Greater Washington, Inc.*, 407 A.2d 1130, 1137-39 (Md. 1979).

24

25  Defendants' Requested Instruction No.  26

26

27

28                    INSTRUCTION NO.  50

1    A gift is a transfer resulting from a detached and
2 disinterested generosity out of affection, respect, admiration,
3 charity, or like impulse.
4    Mr. Zeitchick's two thousand seven hundred fifty dollars
5 ($2,750.00) payment and/or his fifty thousand dollars ($50,000.00)
6 commitment may not be considered a gift, donation, or contribution
7 if you find he would have received any benefit from the payment or
8 commitment.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Special Instruction submitted by Plaintiff
26 Plaintiff's Proposed Instruction No. __39__
27
28                        INSTRUCTION NO. __51__

1    It does not matter what label plaintiff or defendants
2  attached to the two thousand seven hundred fifty dollars
3  ($2,750.00) payment or fifty thousand dollars ($50,000.00)
4  commitment, whether any party referred to either as a gift,
5  donation or contribution.  It is the substance of the transaction
6  that is determinative, not the labels or terminology employed.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Special Instruction submitted by Plaintiff
26  Plaintiff's Proposed Instruction No. _40_
27
28                  INSTRUCTION NO. _52_

1      Speech concerning matters of political, social,  or other

2  concerns to the community are protected.  If some part of the

3  speech addresses an issue of public concern, First Amendment

4  protections are triggered even though other aspects of the

5  communication do not qualify as a public concern.

6      Some inaccuracy in the content of the speech must be

7  tolerated.

8      Constitutional protection does not turn upon the truth,

9  popularity, or social utility of the ideas and beliefs which are

10  offered.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Special Instruction submitted by Plaintiff

26  Plaintiff's Proposed Instruction No. __41__

27

28                    INSTRUCTION NO. __53__

1    The Jury may consider the close proximity of time from when
2  plaintiff made his August 9, 2005 statement and defendants
3  termination of the sound wall project on August 11, 2005, in
4  determining if his statements were a substantial or motivating
5  factor in defendants' decision to terminate the sound wall
6  project.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Special Instruction submitted by Plaintiff

26  Plaintiff's Proposed Instruction No. _42_

27

28                    INSTRUCTION NO. _54_

1 | DEFENSE TO FIRST AMENDMENT RETALIATION

2 |      If the jury finds in favor of Plaintiff on his claim of
3 | First Amendment retaliation, then the jury must consider whether
4 | the Defendants would have decided not to go forward with building
5 | a sound wall for reasons unrelated to Plaintiff's comments about
6 | the College.  To be entitled to this defense, the Defendants have
7 | the burden to prove by a preponderance of the evidence that they
8 | would have made this decision even in the absence of Plaintiff
9 | Zeitchick's comments about the College.  If the jury finds that
10 | the Defendants would have decided against building the sound wall
11 | for valid administrative reasons in any event, then the jury must
12 | find in favor of the Defendants.

22 | Order (#102), Transcript of Ruling, June 5, 2009, pp. 31-32.
23 | Defendants' Requested Instruction No. _28_

28 |                   INSTRUCTION NO. _55_

1      It is the duty of the Court to instruct you about the

2 measure of damages.  By instructing you on damages, the Court does

3 not mean to suggest for which party your verdict should be

4 rendered.

5      If you find for the plaintiff on Plaintiff's First

6 Amendment claim, you must determine the plaintiff's damages.  The

7 plaintiff has the burden of proving damages by a preponderance of

8 the evidence.  Damages means the amount of money that will

9 reasonably and fairly compensate the plaintiff for any injury you

10 find was caused by the defendant.  You should consider the

11 following:

12      You may only consider injuries, if any, which are the

13 result of a violation of Plaintiff's First Amendment rights. Such

14 damages may not include compensation based upon any condition

15 which pre-existed the violation of Plaintiff's constitutional

16 rights. However, You may consider Plaintiff's psychological or

17 emotional harm which he may have suffered after August 11, 2005

18 the date defendant's terminated the sound wall project.

19      It is for you to determine what damages, if any, have been

20 proved.

21      Your award must be based upon evidence and not upon

22 speculation, guesswork or conjecture.

23 9th Circuit JI Civil 5.1 (2007), revised

24 Transcript of the June 5, 2009 Ruling (Docket No. 103 at p. 37,

25 ll. 14-25

26 Plaintiff's Proposed Instruction No. _24_

27                 INSTRUCTION NO. _56_

28

1  DAMAGES – PROOF

2          It is the duty of the Court to instruct you about the
3  measure of damages.  By instructing you on damages, the Court does
4  not mean to suggest for which party your verdict should be
5  rendered or that damages should be awarded.

6          If you find for the Plaintiff on the Plaintiff's First
7  Amendment retaliation claim, you must determine the Plaintiff's
8  damages.  The Plaintiff has the burden of proving his damages by a
9  preponderance of the evidence.  Damages means the amount of money
10 that will reasonably and fairly compensate the Plaintiff for any
11 injury you find was caused by the Defendants.

12         You may only consider injuries, if any, which are the
13 result of a violation of Plaintiff's First Amendment rights.  Such
14 damages may not include compensation based upon any condition
15 which pre-existed the violation of Plaintiff's constitutional
16 rights, including any damages claims that are based upon the air
17 conditioner noise.  You may consider any psychological, emotional
18 or other harm caused by the violation of the constitutional right
19 itself.

20         It is for you to determine what damages, if any, have been
21 proved.  Your award must be based upon evidence and not upon
22 speculation, guesswork or conjecture.

23 9th Cir., 5.1 (2007), Minutes of the Court (#186), June 10, 2010.
24 Defendants' Requested Instruction No. _22_

25

26

27

28                      INSTRUCTION NO. _57_

1   DAMAGES - PROOF

2        It is the duty of the Court to instruct you about the
3   measure of damages.  By instructing you on damages, the Court does
4   not mean to suggest for which party your verdict should be
5   rendered or that damages should be awarded.

6        If you find for the Plaintiff on the Plaintiff's First
7   Amendment retaliation claim, you must determine the Plaintiff's
8   damages.  The Plaintiff has the burden of proving his damages by a
9   preponderance of the evidence.  Damages means the amount of money
10  that will reasonably and fairly compensate the Plaintiff for any
11  injury you find was caused by the violation of Plaintiff's First
12  Amendment rights.

13       You may only consider injuries, if any, which are the
14  result of a violation of Plaintiff's First Amendment rights.  Such
15  damages may not include compensation for injuries which do not
16  flow from the violation of Plaintiff's constitutional rights.  For
17  example, you may not award Plaintiff damages that flow from the
18  air conditioner noise.  You may, however, consider any
19  psychological, emotional or other harm caused by the violation of
20  the constitutional right itself.

21       It is for you to determine what damages, if any, have been
22  proved.  Your award must be based upon evidence and not upon
23  speculation, guesswork or conjecture.

24

25  9th Cir., 5.1 (2007), Minutes of the Court (#186), June 10, 2010.
26  Court's Requested Instruction No. _5_

27

28                    INSTRUCTION NO. _57A_

1         In determining the measure of damages, you should

2   consider:

3         The nature and extent of the injuries;

4         The loss of enjoyment of life experienced and which with

5   reasonable probability will be experienced in the future;

6         The mental, physical, and emotional pain and suffering

7   experienced and which with reasonable probability will be

8   experienced in the future;

9         The reasonable value of the cost and expenses associated

10  with plaintiff's renting alternative housing.

11

12

13

14

15

16

17

18

19

20

21

22

23

24  9th Circuit JI Civil 5.2 (2007), revised

25  Transcript of the June 5, 2009 Ruling (Docket No. 103 at p. 37)

26

27  Plaintiff's Proposed Instruction No. __25__

28                            INSTRUCTION NO. __58__

NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

9TH Cir., 5.6 (2007).

Defendants' Proposed Instruction No. _18_

INSTRUCTION NO. _59_

1          The plaintiff has a duty to use reasonable efforts to
2    mitigate damages.  To mitigate means to avoid or reduce damages.
3          The defendant has the burden of proving by a preponderance
4    of the evidence:
5          1.  that the plaintiff failed to use reasonable efforts to
6    mitigate damages; and
7          2.  the amount by which damages would have been mitigated.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   9th Circuit JI Civil 5.3 (2007)
25   Plaintiff's Proposed Instruction No. __26__
26
27
28                          INSTRUCTION NO. __60__

DAMAGES—MITIGATION

      The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

      The defendant has the burden of proving by a preponderance of the evidence:

      1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

      2. the amount by which damages would have been mitigated.

9TH Cir., 5.3 (2007).

Defendants' Proposed Instruction No.  17

INSTRUCTION NO.  61

1  If you find for the plaintiff, you may, but are not required to,
2  award punitive damages. The purposes of punitive damages are to
3  punish a defendant and to deter similar acts in the future.
4  Punitive damages may not be awarded to compensate a plaintiff.
5
6  The plaintiff has the burden of proving by a preponderance of the
7  evidence that punitive damages should be awarded, and, if so, the
8  amount of any such damages.
9
10  You may award punitive damages only if you find that the
11  defendant's conduct that harmed the plaintiff was driven by evil
12  motive or intent, or involved a reckless or callous indifference
13  to the constitutional rights of Plaintiff.  You may also award
14  punitive damages if you find the defendant's conduct was malicious
15  or oppressive.
16
17  An evil motive is a state of mind which stimulates a person to act
18  with intent to injure another.  An evil intent is a purpose to use
19  injurious means to effect a particular result.  Conduct is in
20  reckless disregard of the plaintiff's rights if, under the
21  circumstances, it reflects complete indifference to the
22  plaintiff's safety or rights, or if the defendant acts in the face
23  of a perceived risk that its actions will violate the plaintiff's
24  rights under federal law.
25
26  Conduct is malicious if it is accompanied by ill will, or spite,
27  or if it is for the purpose of injuring the plaintiff.  An act or
28  omission is oppressive if the defendant injures or damages or

1 otherwise violates the rights of the plaintiff with unnecessary
2 harshness or severity, such as by the misuse or abuse of authority
3 or power or by the taking advantage of some weakness or disability
4 or misfortune of the plaintiff.

5

6 If you find that punitive damages are appropriate, you must use
7 reason in setting the amount. Punitive damages, if any, should be
8 in an amount sufficient to fulfill their purposes but should not
9 reflect bias, prejudice or sympathy toward any party. In
10 considering the amount of any punitive damages, consider the
11 degree of reprehensibility of the defendant's conduct, including
12 whether the conduct that harmed the plaintiff was particularly
13 reprehensible because it also caused actual harm or posed a
14 substantial risk of harm to people who are not parties to this
15 case. You may not, however, set the amount of any punitive damages
16 in order to punish the defendant for harm to anyone other than the
17 plaintiff in this case.

18

19 In addition, you may consider the relationship of any award of
20 punitive damages to any actual harm inflicted on the plaintiff.

21

22 You may impose punitive damages against one or more of the
23 defendants and not others, and may award different amounts against
24 different defendants.  Punitive damages may be awarded even if you
25 award plaintiff only nominal, and not compensatory, damages.

26

27 Court's Proposed Instruction No. _6_
28 Ninth Circuit Model Civil Jury Instruction 5.5 (modified); <u>Smith</u>

1  <u>v. Wade</u>, 416 U.S. 30, 49 (1983).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          Instruction No.  62

1

2

3

4                          UNITED STATES DISTRICT COURT
                               DISTRICT OF NEVADA
5                                RENO, NEVADA

6

7  JOE ZEITCHICK,                        )    3:06-CV-00138-ECR-VPC
                                         )    (Base Case)
8       Plaintiff,                       )    3:06-CV-00642-ECR-VPC
                                         )    (Member Case)
9  vs.                                   )
                                         )    **Verdict Form**
10 CAROL LUCEY and HELAINE JESSE,        )
                                         )
11      Defendants.                      )
                                         )
12 ─────────────────────────────────────)

13 **QUESTION 1.**  Was there a contract to construct a sound wall between

14 Plaintiff Joe Zeitchick and Western Nevada College?

15      Yes _____

16      No  _____

17      If your answer to Question 1 was yes, answer Question 2.   If

18 your answer to Question 1 was no, do not answer any further

19 questions, and have the presiding juror sign and date the form at

20 the end.

21

22 **QUESTION 2.**   Did Defendant Carol Lucey, acting under color of law,

23 breach that contract?

24      Yes _____

25      No  _____

26      If your answer to Question 2 was yes, answer Question 3. If our

27 answer to Question 2 was no, do not answer Questions 3 through 7,

28 and answer Question 8.

1  **QUESTION 3.**  Was Plaintiff Joe Zeitchick's speech on a matter of
2  public concern a substantial and motivating factor for Defendant
3  Carol Lucey's breach?

4       Yes _____

5       No  _____

6       If your answer to Question 3 was yes, answer Question 4.  If
7  your answer to Question 3 was no, do not answer Questions 4 through
8  7, and answer Question 8.

9

10 **QUESTION 4.**  Would Defendant Carol Lucey have breached the contract
11 even in the absence of Plaintiff Joe Zeitchick's protected speech?

12      If your answer to Question 4 was yes, do not answer Questions 5
13 through 7, and answer Question 8.  If your answer to Question 4 was
14 no, answer Question 5.

15

16 **QUESTION 5.**  If you answered yes to Questions 1 through 3, and no to
17 Question 4, you have found that Defendant Carol Lucey violated
18 Plaintiff Joe Zeitchick's constitutional rights.  What amount of
19 damages, if any, do you find appropriate to award to Plaintiff?

20

21      $_____

22

23 **QUESTION 6.**  Should punitive damages be awarded against Defendant
24 Carol Lucey for violating Plaintiff Joe Zeitchick's constitutional
25 rights?

26

27

28                                  2

If your answer to Question 6 was no, do not answer Question 7, and answer Question 8.  If your answer to Question 6 was yes, answer Question 7.

**QUESTION 7.**  What amount of punitive damages should be entered against Defendant Carol Lucey and awarded to Plaintiff Joe Zeitchick?

$_____

**QUESTION 8.**   Did Defendant Helaine Jesse, acting under color of law, breach the aforementioned contract to construct a sound wall?

Yes \_\_\_\_\_

No  \_\_\_\_\_

If your answer to Question 8 was yes, answer Question 9.  If your answer to Question 8 was no, do not answer any further questions, and have the presiding juror sign and date the form at the end.

**QUESTION 9.**  Was Plaintiff Joe Zeitchick's speech on a matter of public concern a substantial and motivating factor for Defendant Helaine Jesse's breach?

Yes \_\_\_\_\_

No  \_\_\_\_\_

If your answer to Question 9 was yes, answer Question 10.  If your answer to Question 9 was no, do not answer any further

3

1  questions, and have the presiding juror sign and date the form at
2  the end.

3

4  **QUESTION 10.**  Would Defendant Helaine Jesse have breached the
5  contract even in the absence of Plaintiff Joe Zeitchick's protected
6  speech?

7      If your answer to Question 10 was yes, do not answer any
8  further questions, and have the presiding juror sign and date the
9  form at the end.  If your answer to Question 10 was no, answer
10  Question 11.

11

12  **QUESTION 11.**  If you answered yes to Questions 8 and 9, and no to
13  Question 10, you have found that Defendant Helaine Jesse violated
14  Plaintiff Joe Zeitchick's constitutional rights.  What amount of
15  damages, if any, do you find appropriate to award to Plaintiff?

16

17      $_____ _____

18

19  **QUESTION 12.**  Should punitive damages be awarded against Defendant
20  Helaine Jesse for violating Plaintiff Joe Zeitchick's constitutional
21  rights?

22      If your answer to Question 12 was no, do not answer Question
23  13, and have the presiding juror sign and date the form at the end.
24  If your answer to Question 12 was yes, answer Question 13.

25

26

27

28                                    4

1 **QUESTION 13.**  What amount of punitive damages should be entered

2 against Defendant Helaine jesse and awarded to Plaintiff Joe

3 Zeitchick?

4

5     $_____

6

7                                   _____

8                                   FOREPERSON OF THE JURY

9 Dated: June _____, 2010.

10

11

12 Court's Proposed Verdict Form

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        5

1                    UNITED STATES DISTRICT COURT

2                IN AND FOR THE DISTRICT OF NEVADA

3

4                          *  *  *  *  *

5

6   JOE ZEITCHICK,

7                        Plaintiffs,          Case Nos.

8          vs.

9                                      3:06-0138-ECR-VPC

10  CAROL LUCEY and HELAINE JESSE,            BASE FILE

11                                            and

12                        Defendants.  3:06-0642-ECR-VPC

13  _____       MEMBER FILE

14

15

16

17                          **VERDICT**

18                       **RE CAROL LUCEY**

19

20

21        We, the Jury, having fully deliberated in this matter,

22  have reached a unanimous decision concerning the following:

23

24        On Plaintiff Joe Zeitchick's claim against Defendant Carol

25  Lucey, we unanimously find for:  (Check one.)

26              Plaintiff Joe Zeitchick _____

27              Defendant Carol Lucey   _____

28

**Complete the following only if the above finding is in favor of plaintiff.**

We find plaintiff's damages to be: $ _____

**Complete the following only if the above finding is in favor of plaintiff.**

1.  The individual defendant was acting within the scope of the defendant's public duty or employment

    Yes _____     No _____

1

2.  The alleged act or omission by the individual defendant was wanton or malicious.

    Yes _____     No _____

    Respectfully submitted and

    DATED this _____ day of _____, 2010.

    _____
                        Presiding Juror

Plaintiff's Proposed Verdict Form Number 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

* * * * *

JOE ZEITCHICK,

                             Plaintiffs,               Case Nos.

   vs.

                                           3:06-0138-ECR-VPC

CAROL LUCEY and HELAINE JESSE,              BASE FILE

                                                and

                           Defendants.      3:06-0642-ECR-VPC

_____/        MEMBER FILE

## VERDICT
### RE HELAINE JESSE

   We, the Jury, having fully deliberated in this matter, have

reached a unanimous decision concerning the following:

   On Plaintiff Joe Zeitchick's claim against Defendant Helaine

Jesse, we unanimously find for:  (Check one.)

                   Plaintiff Joe Zeitchick _____

                   Defendant Helaine Jesse _____

   **Complete the following only if the above finding is in favor of**

**plaintiff.**

     We find plaintiff's damages to be: $ _____

   **Complete the following only if the above finding is in favor of**

**plaintiff.**

1.   The individual defendant was acting within the scope of
the defendant's public duty or employment

Yes _____        No _____

2.   The alleged act or omission by the individual defendant
was wanton or malicious.

Yes _____        No _____

Respectfully submitted and

DATED this _____ day of _____, 2010.

_____
                                      Presiding Juror

Plaintiff's Proposed Verdict Form Number 2

1

2                    SPECIAL VERDICT AS TO DEFENDANT LUCEY

3

4      1.   Was there a contract to construct a sound wall between

5   Plaintiff Joe Zeitchick and Western Nevada College?

6

7      Yes _____

8

9      No  _____

10

11     If your answer to Question 1 was yes, answer Question 2.  If

12  your answer to Question 1 was no, do not continue.

13

14     2.   Did Defendant Carol Lucey violate Plaintiff Joe Zeitchick's

15  First Amendment rights by reneging on a contract to construct a

16  sound wall on account of his comments about the college on August

17  9, 2005?

18

19     Yes _____

20

21     No  _____

22

23     If your answer to Question 2 was yes, answer Question 3. If

24  your answer to Question 2 was no, do not continue.

25

26     3.   Would Defendant Carol Lucey have made the decision not to

27  go forward with the construction of a sound wall even in the

28  absence of Plaintiff Zeitchick's comments about the college on

1  August 9, 2005?

2

3

4    Yes _____

5

6    No  _____

7

8    If your answer to Question 3 was yes, do not continue.  If your

9  answer to Question 3 was no, answer Question 4.

10

11

12    4.  What are the damages that will fairly compensate Plaintiff

13  Zeitchick for any injury you find was caused by Defendant Carol

14  Lucey?

15

16    Compensatory Damages:           _____

17

18

19

20    Nominal Damages:                _____

21

22  _____

23

24    FOREPERSON OF THE JURY

25

26    Dated: June _____, 2010.

27

28  Defendants' Proposed Verdict Form Number 1

1          SPECIAL VERDICT AS TO DEFENDANT JESSE

2     1.   Was there a contract to construct a sound wall between

3  Plaintiff Joe Zeitchick and Western Nevada College?

4

5     Yes _____

6

7     No  _____

8

9     If your answer to Question 1 was yes, answer Question 2.   If

10  your answer to Question 1 was no, do not continue.

11

12    2.   Did Defendant Helaine Jesse violate Plaintiff Joe

13  Zeitchick's First Amendment rights by reneging on a contract to

14  construct a sound wall on account of his comments about the

15  college on August 9, 2005?

16

17    Yes _____

18

19    No  _____

20

21    If your answer to Question 2 was yes, answer Question 3. If

22  your answer to Question 2 was no, do not continue.

23

24    3.   Would Defendant Helaine Jesse have made the decision not to

25  go forward with the construction of a sound wall even in the

26  absence of Plaintiff Zeitchick's comments about the college on

27  August 9, 2005?

28

1    Yes _____

2

3    No  _____

4

5    If your answer to Question 3 was yes, do not continue.  If your

6    answer to Question 3 was no, answer Question 4.

7

8    4.   What are the damages that will fairly compensate Plaintiff

9    Zeitchick for any injury you find was caused by Defendant Helaine

10   Jesse?

11   Compensatory Damages:         _____

12

13   Nominal Damages:         _____

14

15

16

17   _____

18   FOREPERSON OF THE JURY

19

20   Dated: June _____, 2010.

21

22

23

24

25

26   Defendants' Proposed Verdict Form Number 2

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28